602 So.2d 776 (1992)
STATE of Louisiana, Appellee,
v.
Fitzgerald MOCK, Appellant.
No. 23922-KA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1992.
*777 Carey J. Ellis, III, Rayville, for appellant.
Richard Ieyoub, Atty. Gen., William R. Coenen, Dist. Atty., Penny Wise-Douciere, Asst. Dist. Atty., Rayville, for appellee.
Before HIGHTOWER, VICTORY and BROWN, JJ.
BROWN, Judge.
Defendant, Fitzgerald Mock, was charged with attempted first degree murder, aggravated escape and simple robbery. On the date of these offenses, August 15, 1990, defendant was a trusty in the Richland Parish jail in Rayville, Louisiana. Defendant attacked a female deputy sheriff and choked her until she lost consciousness. Defendant then stole money from the Sheriff's Office and escaped. Defendant pled guilty to attempted first degree murder under an agreement dismissing the aggravated escape and simple robbery charges. Additionally, the state made a non-binding sentence recommendation that defendant receive no more than 35 years.
After consideration of the circumstances, including a pre-sentence investigation report, the trial court imposed a term of 50 years at hard labor to be served without benefit of parole, probation or suspension of sentence. Claiming the sentence is excessive, defendant appeals. We amend and as amended, affirm.

FACTS
Defendant was a trusty in the Richland Parish jail following a conviction for distribution of cocaine. Defendant attacked a female deputy sheriff who was a bookkeeper and worked in an office on the first floor of the courthouse. The deputy was working late and unlocked the office door for defendant who stated he was sent by the jailer to get money for supplies. Defendant grabbed the deputy from behind and choked her until she lost consciousness. Defendant then took money from the safe and escaped. In answer to discovery, the state indicated that all trusties had been administered a urine test shortly before the date of this offense and defendant's results were positive for cocaine.

VIOLATION OF ALLEGED PLEA BARGAIN
Defendant was represented by two attorneys, both of whom were present at the guilty plea. The guilty plea transcript *778 clearly shows that as part of the plea bargain the state would recommend that defendant's sentence not exceed 35 years. On this subject, defense counsel stated, "... (w)e understand that, the Court will make it's (sic) own decision with regard to the term of sentence ..." The court inquired if everybody understood that it was not bound by the recommendation to which defense counsel replied, "That's correct, Judge." The district court asked defendant if he understood that he could be sentenced to the maximum term of 50 years. Defendant replied that he did understand.
There is no factual basis for the argument advanced by defendant in brief that the plea bargain included and defendant understood that the sentence would not exceed 35 years. There is a distinct difference between a plea bargain where the district attorney makes a recommendation as opposed to a binding agreement for a specified sentence.
The record clearly indicates that the court did not agree to be bound by the state's recommendation. Defendant was fully informed that he could receive a sentence of up to 50 years by the trial court and indicated along with his two attorneys their understanding that the sentencing range was not limited to 35 years. Under these facts this assignment of error has no merit.

EXCESSIVE SENTENCE
In exercising our appellate review of sentences, we are cognizant of the trial court's unique and advantageous position to observe the defendant and evaluate the circumstances of the crime and its impact on the community. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir. 1988), writ denied, 521 So.2d 1143 (La. 1988).
Whether a sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1 § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980).
All appropriate factors must be considered and weighed by the trial court to insure that the sentence is tailored to the defendant and to the offense. LSA-C.Cr.P. Art. 894.1. The trial court must articulate the information it considered and the reasons for the sentence to enable us to carry out our review obligation. The important elements which should be weighed are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
In the instant case the trial court did consider a pre-sentence investigation report which showed that defendant was 24 years old, was the father of two illegitimate children and had a poor employment history. Defendant was a third felony offender with prior felony convictions for burglary in 1984 and distribution of cocaine in 1990. Defendant received a suspended sentence and was placed on probation for the burglary in 1984. When the instant crimes were committed defendant was serving a five year sentence for the distribution of cocaine. The trial court specifically stated it considered all the mitigating factors presented in the PSI and the criteria set forth in Art. 894.1. The trial court concluded:
Mr. Mock, you've been given every break possible for someone in your situation. You are now a third felony offender and show no indication you intend to ever do anything within the normal confines of society. According to the pre-sentence investigation, you never held a job for any length of time and even after given all the breaks you've been given you continue to violate the law. In the instant case even after being given, even after having been given a position of trust, being made a trustee (sic) in and around the jail, you violated that trust, *779 committing crimes and brutally attacking the very people that helped you. There's no doubt in my mind you intended to kill the deputy and in fact, I think you would have had you only known she was still alive at the time you left. As far as this Court is concerned, you are a very dangerous man who needs to be in custody and away from society.
From the above, it is clear that the trial court did consider all the appropriate circumstances and criteria set forth in Art. 894.1.
In the instant case defendant received a substantial benefit in the plea agreement. The state agreed to drop serious charges of aggravated escape and simple robbery. A plea bargain which brings about such substantial benefits to a defendant is a legitimate consideration in sentencing. State v. Lighten, 516 So.2d 1266 (La.App.2d Cir.1987).
Considering that defendant was a third felony offender who received substantial benefits in the plea agreement together with the circumstances of the crime, we find that the trial court did not abuse its wide discretion in imposing a sentence of 50 years. The sentence does not offend our sense of justice.

ERRORS PATENT
A review of the record for errors patent reveal that the sentence was ordered served without benefit of parole, probation or suspension. As stated by the Louisiana Supreme Court in State v. See, 467 So.2d 525 (La.1985), the sentencing provision under LSA-R.S. 14:27(D)1 does not prohibit eligibility for parole, probation or suspension of sentence. LSA-C.Cr.P. Art. 882 provides that courts of appeal may correct illegal sentences at any time. Therefore, we amend the sentence imposed for attempted first degree murder to strike that portion of the sentence which provides that it shall be served without benefit of parole, probation, or suspension of sentence. State v. Carry, 459 So.2d 676 (La. App. 4th Cir.1984). We note that if defendant had in fact been charged as a third felony offender then he would not have been eligible for parole, probation or suspension of sentence. State v. Bell, 471 So.2d 1190 (La.App. 3d Cir.1985), writ denied 477 So.2d 97 (La.1985).
In addition LSA-C.Cr.P. 930.8 provides that the defendant shall be advised of the prescriptive period applicable to post-conviction relief. LSA-C.Cr.P. 930.8 requires that at the time of sentencing the trial court shall inform the defendant of this prescriptive period. The record shows that the court did not so inform defendant. This apparent defect has no bearing on whether the sentence is excessive and thus not grounds for reversal. LSA-C.Cr.P. Art. 921. We also note that the three year prescriptive period does not begin to run until judgment is final under LSA-C.Cr.P. Art. 914 or 922, so in the instant case prescription has not yet commenced to run. Apparently the purpose of the notice requirement of Art. 930.8(C) is to inform the defendant of the prescriptive period in advance; thus, the court is directed to inform defendant of the article's provisions. The court will send appropriate written notice to defendant within 10 days of the rendition of this opinion and will file written proof that defendant received the notice in the record of the proceedings.

DECREE
Defendant's sentence is AMENDED to strike that portion which provides it shall be served without benefit of parole, probation, or suspension of sentence and AS AMENDED, AFFIRMED.