718 So.2d 1063 (1998)
STATE of Louisiana, Appellee,
v.
Michael Dewayne COOPER, Appellant.
No. 31118-KA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1998.
*1064 Louisiana Appellate Project by J. Wilson Rambo, Monroe, for Appellant.
Richard Ieyoub, Attorney General, Baton Rouge, Jerry Jones, District Attorney, Stephen T. Sylvester, Assistant District Attorney, Monroe, for Appellee.
Before MARVIN, C.J., and STEWART and PEATROSS, JJ.
PEATROSS, Judge.
The State charged Defendant, Michael Dewayne Cooper, with second degree murder, but agreed to accept his guilty plea to manslaughter, a violation of LSA-R.S. 14:31, punishable by no more than 40 years at hard labor. The district court sentenced Defendant to serve 15 years at hard labor and denied a timely motion to reconsider sentence. Finding no merit to Defendant's contentions that his sentence is constitutionally excessive and that the trial court failed to articulate adequately its reasons for the sentence, we affirm.

FACTS
On December 7, 1996, the victim, Sammy Menyfield, was involved in a dispute about money with Jerome Johnson. While these two men were arguing, Defendant arrived at the scene in a car and began arguing with Menyfield. After Defendant struck Menyfield with a bottle, they began throwing bottles at each other. When Menyfield broke the back window of Defendant's vehicle, Defendant obtained a pistol from the vehicle *1065 and shot Menyfield in the neck. Menyfield died on December 18, 1996.

DISCUSSION
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show adequate consideration of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Remand is unnecessary when a sufficient factual basis for the sentence is shown. State v. Lanclos, 419 So.2d 475 (La.1982).
The second inquiry requires an examination of the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
There is no requirement that specific matters be given any particular weight. State v. Callahan, 29,351 (La.App.2d Cir.2/26/97), 690 So.2d 864; State v. Berry, 29,945 (La.App.2d Cir.10/29/97), 702 So.2d 33. The trial court shall not suspend the sentence of a conviction for a crime of violence, the definition of which includes manslaughter. La.C.Cr.P. art. 893; LSA-R.S. 14:2(13)(d).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Washington, 29,478 (La. App.2d Cir.4/2/97), 691 So.2d 345; State v. Henton, 28,576 (La.App.2d Cir.9/25/96), 682 So.2d 777.
Prior to imposing sentence, the district judge reviewed a PSI report. He stated that he had reviewed letters from the victim's family. He considered the facts of the case and concluded that manslaughter was the appropriate charge. Defendant had numerous misdemeanor convictions including theft, gambling, contributing to the delinquency of a juvenile, unauthorized use of a moveable and disturbing the peace. In addition, Defendant had two convictions of possession of marijuana, six convictions of trespass, three convictions of simple battery and 17 traffic offenses. He was classified as a second offender due to a prior felony conviction for simple burglary of an inhabited dwelling. The court concluded that incarceration was in the best interest of Defendant and society. The trial judge stated that this offense should not have occurred and that it was caused by a combination of drinking, arguing and the parties being in a place where they should not have been. The court found that the circumstances of the case overrode a letter from Defendant's spouse dealing with the perceived hardship incarceration would cause.
We do not find inadequate articulation of reasons for sentence or an abuse of the district court's discretion. Defendant obtained a substantial benefit from his plea bargain. The facts of the case show no valid reason for Defendant to interject himself into an argument between the victim and a third party and no legitimate reason for his initial application of force to the victim. Defendant has an extensive record of disregard for authority and failures to conform his conduct to the level expected by society. The offense of conviction renders Defendant ineligible for a sentence of probation. Under the circumstances of this case, the period of imprisonment adjudged is not inappropriate for this mature second felony offender. The sentence imposed does not shock the sense of justice and is not a needless or purposeless infliction of pain and suffering. The sentence, therefore, is not constitutionally excessive. The assigned errors lack merit.
We have reviewed the record for error patent, La.C.Cr.P. art. 920(2), and note that the trial court failed to inform Defendant at the time of sentencing of the prescriptive period for post-conviction relief, as required by La.C.Cr.P. art. 930.8(C). This *1066 defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for re-sentencing. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Cox, 604 So.2d 189 (La.App. 2d Cir. 1992); La.C.Cr.P. arts. 921, 930.8(C).
We direct the district court to send appropriate written notice to Defendant within ten days of the rendition of this opinion and to file proof of Defendant's receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).

CONCLUSION
The conviction and sentence are affirmed.
AFFIRMED.