720 So.2d 767 (1998)
STATE of Louisiana, Appellee,
v.
Rodney Wayne BAKER, Appellant.
No. 31,162-KA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1998.
Rehearing Denied December 3, 1998.
*771 Richard V. Burnes, Alexandria, Dmitrc I. Burnes, for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche, District Attorney, Michael A. Pitman, Assistant District Attorney, for Appellee.
Before MARVIN, C.J., and BROWN and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant, Rodney Wayne Baker, was charged by bill of information with three counts of vehicular homicide, in violation of LSA-R.S. 14:32.1. After a trial by jury, the defendant was found guilty as charged. He was subsequently sentenced to serve fifteen years at hard labor on each count, with the sentences to run consecutively. The defendant appeals his convictions and sentences alleging numerous errors, including that the trial court made several erroneous evidentiary rulings and that the sentences are constitutionally excessive. We affirm the defendant's convictions and sentences.

FACTS
The defendant, Rodney Baker, was involved in an automobile accident that occurred on December 29, 1996, in Shreveport, Louisiana. The defendant was driving a black 1996 Monte Carlo and he was traveling west on Interstate 20 in Shreveport when the vehicle crossed the median, entered the eastbound lanes of traffic and collided with a 1996 Pontiac Sunfire and a 1992 Mazda 626.
Jennifer McKinnon and Rachael Hood were passengers in the vehicle being driven by the defendant. Shreka Brown was the driver of the Pontiac Sunfire and Kendrick Wilson and Corcitra Wallace were passengers. Anthony Dunklin was the driver of the Mazda 626, in which his wife, Bonita Dunklin, her aunt, Velma Cubie and her grandmother, Lucille Griffin, were passengers.
Rachael Hood, Anthony Dunklin, Bonita Dunklin and the defendant suffered non-fatal injuries as a result of the accident and were transported to local hospitals. Jennifer McKinnon and Velma Cubie survived the initial impact of the accident, but both later died. Lucille Griffin was pronounced dead at the scene. None of the occupants of the Pontiac Sunfire were injured.
Two tests were administered to measure the defendant's blood alcohol concentration. The first test, a part of routine hospital procedure, was administered upon his arrival at the hospital. The second test was administered approximately two hours later as part of a routine police investigation. The results of the first test indicated that defendant's blood alcohol concentration was 0.25 and the results of the second test indicated a blood alcohol concentration of 0.19. Under LSA-R.S. 14:32.1, a person with a blood alcohol concentration of 0.08 or greater by weight based upon grams of alcohol per one hundred cubic centimeters of blood is considered intoxicated.
Defendant was charged with three counts of vehicular homicide and the jury found him guilty as charged. He was sentenced to serve fifteen years at hard labor on each count, the maximum sentence allowed, with the sentences to run consecutively. Defendant appeals his convictions and sentences.

DISCUSSION

Assignment of Error No. 1
By his first assignment of error, the defendant alleges the trial court gave an erroneous reasonable doubt instruction which instructed the jury to consider the state's evidence but did not instruct the jury to consider the defendant's evidence.
Unless objected to contemporaneously, any irregularity or error in the charge to the jury may not be asserted on appeal. LSA-C.Cr.P. art. 841; State v. Wilson, 28,403 (La.App.2d Cir.8/21/96), 679 So.2d 963. Those circumstances where review has been granted in the absence of a contemporaneous objection were fact-specific situations where the relevant errors substantially affected the *772 fairness of the proceeding and the reliability of the fact-finding process. State v. Thomas, 27,507 (La.App.2d Cir.12/6/95), 665 So.2d 629.
In reviewing a suspect jury charge on reasonable doubt, the appellate court must determine whether it is reasonably likely that an instruction was applied improperly, rather than whether it is only possible that the misapplication occurred. Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994); State v. Smith, 91-0749 (La.5/23/94), 637 So.2d 398.
The jury instruction at issue states in pertinent part:
[I]f after you have considered the State's evidence and the law applicable there is doubt in your mind as to the guilt of the accused which doubt is based on a reason or for which doubt you can express a reason, then the defendant is not guilty....
Throughout the jury instructions, the trial court instructed the jury to view "the evidence," not just "the state's evidence." The trial court also informed the jury that "[i]t is the duty of the jury in considering the evidence and in applying the evidence to the law as given by the court to give the defendant the benefit of every reasonable doubt arising out of the evidence or lack of evidence in the case." We find no error in the above jury instruction.
Moreover, the defendant failed to contemporaneously object to what he considered an irregularity or error in the charge to the jury. Therefore, he waived the right to assert this issue on appeal. This case does not present a fact-specific situation where the relevant error substantially affected the fairness of the proceeding and the reliability of the fact-finding process. This assignment of error is without merit.

Assignments of Error Nos. 2 & 3
By these assignments, the defendant alleges that the trial court erred in giving a jury instruction which listed the elements of the crime in a manner different from the listing in the bill of information.
Defendant alleges that the jury instructions allowed the jury to find the defendant guilty if his blood alcohol concentration was 0.08 or more, and therefore, went beyond the charges in the bill of information. Contrary to the defendant's allegation, the bill of information charged the defendant with a violation of LSA-R.S. 14:32.1 which allows a conviction if the defendant's blood alcohol concentration is 0.08 or more.
Defendant did not object to this alleged error during trial. Unless objected to contemporaneously, an irregularity or error in the charge to the jury may not be asserted on appeal. LSA-C.Cr.P. art. 841; State v. Wilson, supra. Nonetheless, the elements listed in the jury instruction did not go beyond the charges contained in the bill of information. These assignments of error are without merit.

Assignments of Error Nos. 4,8,9,11 & 25
By these assignments, the defendant first contends that the trial court erred in giving the jury an improper standard for determining whether he was criminally responsible for the death of Velma Cubie. The defendant argues that the proper standard is whether his conduct was a substantial factor in bringing about the proscribed result.
In State v. Matthews, 450 So.2d 644 (La. 1984), the Louisiana Supreme Court held that it is not essential that the state prove that the defendant's action was the sole cause of the death; it is sufficient if the defendant's conduct hastened the termination of life, or contributed, mediately or immediately, to the death, in a degree sufficient to be a clearly contributing cause. Subsequent cases by the Louisiana Supreme Court have used the "substantial factor" standard and subsequent cases by this court have used both standards. These standards are used interchangeably, and therefore, the basic determination is whether the defendant's act was a proximate cause of the victim's death.
In State v. Kalathakis, 563 So.2d 228 (La. 1990) and State v. Martin, 539 So.2d 1235 (La.1989), the Supreme Court used the "substantial factor" standard and cited State v. Matthews, supra. In State v. Martin, supra, the court stated that proof that the defendant's conduct was a proximate cause of death is sufficient to satisfy causality requirements.
*773 In State v. Beason, 26,725 (La.App.2d Cir.4/7/95), 653 So.2d 1274, this court stated that the defendant's conduct need not be the sole proximate cause of the victim's death; it is sufficient for the defendant's acts to be a contributing cause or a substantial factor. In State v. Mosely, 475 So.2d 76 (La.App. 2d Cir.1985), this court mentioned both standards from State v. Matthews, supra, in finding that the beating inflicted upon an eighteen-month-old child was the cause of death of the child rather than the alleged inadequate medical care. The court noted that a conviction will be upheld in some instances even if the medical assistance later rendered to the victim is inadequate. State v. Mosely, supra.
In the present case, the jury found that defendant was the driver of the vehicle that collided with the vehicle in which Velma Cubie was a passenger and that defendant was intoxicated at the time of the accident. As a result of the accident, Velma Cubie's injuries included fractured ribs, a collapsed lung, fractures in her pelvis and fractures in both femurs. Because she was of the Jehovah's Witness faith, Velma Cubie refused to accept blood transfusions. Velma Cubie died two days after the accident. The autopsy report revealed that she died as a result of low blood pressure and a bloodstream infection which caused her liver and kidneys to fail. All of her injuries were related to the automobile accident. Neither the physician on duty, Dr. Paul Banish nor the Caddo Parish coroner, Dr. George McCormmick, could state whether Velma Cubie would have survived with a blood transfusion.
The proper inquiry in reviewing a jury instruction is whether there is a reasonable likelihood that the jury applied the instruction in an unconstitutional manner. Victor v. Nebraska, supra; State v. Smith, supra. Although the trial court's charge to the jury failed to mention the "substantial factor" language along with the "contributing cause" language, this omission does not prejudice the defendant. The standards are used interchangeably. The question for the judge or jury was whether the defendant's act was a proximate cause of the victim's death. Therefore, both of the above standards provide an adequate definition of proximate cause.
The defendant also contends that the evidence was insufficient to find him guilty of causing Velma Cubie's death. The relevant inquiry when reviewing a conviction for the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The state bears the burden of negating any reasonable probability of misidentification in cases where the defendant asserts he was not the perpetrator or he remains silent. Jackson v. Virginia, supra; State v. Powell, 27,959 (La.App.2d Cir.4/12/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. The appellate court will not assess the credibility of a witness or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Cotton, 25,940 (La.App.2d Cir.3/30/94), 634 So.2d 937.
The evidence presented at trial was sufficient for a rational trier of fact to find the defendant guilty of causing Velma Cubie's death. Based on the evidence presented at trial, regardless of whether a blood transfusion could have saved Cubie's life, the car accident was a proximate cause of her death. The elements of vehicular homicide were proven beyond a reasonable doubt. These assignments of error lack merit.

Assignments of Error Nos. 5 & 15
By these assignments, the defendant contends that the trial court erred in allowing Corporal G.B. McFarland, the police officer in charge of investigating the accident, to offer hearsay evidence during his testimony.
Corporal McFarland testified that, as a result of his investigation, he concluded that the defendant was driving the Monte Carlo and the defendant was intoxicated at the time of the accident. As a part of his investigation, Corporal McFarland interviewed witnesses who were at the scene of the accident, including firefighters and police officers. According to Corporal McFarland, his testimony *774 was based on what he learned from the witnesses at the scene.
Defendant argues that Corporal McFarland's testimony is hearsay. The state argues, however, that Corporal McFarland's testimony was not offered for the truth of the matter, but instead, to describe the course of his investigation. The trial court overruled the objection and stated that Corporal McFarland could testify as to what he learned from the investigation because the testimony was a present sense impression.
Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered to prove the truth of the matter asserted. LSA-C.E. art. 801(C). Where an investigating officer testifies concerning events leading to the arrest of the defendant, statements made to him by others are admissible if not offered for the truth of the matter attested, but merely to explain the officer's action. State v. Gipson, 28,113 (La.App.2d Cir.6/26/96), 677 So.2d 544, writ denied, 96-2303 (La.1/31/97), 687 So.2d 402. In determining admissibility, the court should balance the need for the evidence against the danger of improper use by the jury. State v. McNair, 597 So.2d 1096 (La.App. 2d Cir. 1992), writ denied, 605 So.2d 1113 (La.1992). On appeal, reversal will not be warranted if the court finds beyond a reasonable doubt that the hearsay evidence did not contribute to the conviction. State v. Gipson, supra; State v. McNair, supra.
Considering the cumulative evidence presented at trial, Corporal McFarland's testimony did not prejudice the defendant, nor did it contribute to the jury verdict. Even without Corporal McFarland's testimony, there was ample evidence to prove that the defendant was the driver of the Monte Carlo and that the defendant was intoxicated at the time of the accident. These assignments of error are without merit.

Assignments of Error Nos. 6 & 24
By these assignments, the defendant alleges that the trial court erred in not qualifying Deborah Rene Turner as an expert to testify concerning the cause of Velma Cubie's death.
LSA-C.E. art. 702 sets forth the requirements for the admissibility of expert testimony. If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise. The trial court's function is to determine that all expert testimony which is admitted into evidence is both reliable and relevant. State v. Foret, 628 So.2d 1116 (La.1993). A trial judge has wide discretion in determining whether to allow a witness to testify as an expert, and this judgment will not de disturbed by an appellate court unless it is clearly erroneous. Mistich v. Volkswagen of Germany, Inc., 95-0939 (La.1/29/96), 666 So.2d 1073.
At the time of the trial, Deborah Turner was self-employed as a medical consultant and a registered nurse case manager. Her duties included reviewing medical records, advising attorneys on the presence of a malpractice case and assisting in the preparation of depositions and medical charts for use in the courtroom. She had obtained an associate's degree in Nursing in 1979, and had worked in various hospitals as a trauma and ICU nurse until 1989. According to defendant, Turner would have testified that Velma Cubie's injuries from the accident did not cause her death, but, instead, her death was caused by her decision to refuse a blood transfusion.
The trial court concluded that Deborah Turner was not qualified to be an expert and her testimony concerning the cause of Velma Cubie's death was irrelevant because the accident was at least a contributing factor in causing her death. We agree. The trial court's refusal to qualify Turner as an expert witness was not clearly erroneous. Turner is not a medical doctor, therefore, the reliability of her testimony regarding Velma Cubie's death is questionable, particularly considering the fact that her opinion contradicted the expert opinion of two medical doctors, who concluded that there was no way to determine whether Velma Cubie would have lived if she had undergone a blood transfusion. *775 Moreover, as stated above, the prosecution presented ample evidence to prove that the accident in question was a proximate cause of Cubie's death. These assignments of error are without merit.

Assignment of Error No. 7
The defendant alleges that the trial court erred in denying his motion for a continuance in order to allow him to obtain a medical expert to testify concerning the cause of death of Velma Cubie.
The decision to grant or deny a continuance lies within the discretion of the trial court, and the ruling will not be disturbed on appeal absent a showing of abuse and specific prejudice. LSA-C.Cr.P. art. 712; State v. Cannon, 26,906 (La.App.2d Cir.6/21/95), 658 So.2d 728.
In denying defendant's motion for a continuance, the trial court concluded that any medical testimony offered by the defense concerning Velma Cubie's cause of death would be irrelevant because the defendant's action was a contributing factor in causing Cubie's death.
While the state was dilatory in sending the autopsy report to the defense, this delay did not prejudice the defendant. Assuming arguendo that the defendant would have been successful in finding a medical expert to testify on his behalf, the expert witness could not have offered testimony to prove the defendant's act was not a contributing factor in, or a proximate cause of, the death of Velma Cubie. We find no abuse of discretion or prejudice to the defendant's case. This assignment of error is without merit.

Assignment of Error No. 10
By this assignment, the defendant alleges that the trial court erred in denying his motion to suppress a rights form which contained his acknowledgment that he was driving the car involved in the accident.
A review of the record shows that the rights form in question was not offered as evidence at trial. Because the rights form was neither presented to the jury as an exhibit nor mentioned by a witness at trial, defendant could not be prejudiced by the acknowledgment. This assignment of error is without merit.

Assignment of Error No. 12
Defendant alleges that the trial court erred in denying his challenge for cause of potential juror Michelle Lafitte[1]. The defendant argues that the challenge for cause should have been granted under LSA-C.Cr.P. art. 797(3) because of Michelle Lafitte's relationship to the case, and under LSA-C.E. art. 606(A) because she was a possible witness.
At the time of the trial, Michelle Lafitte was employed as a clerk in the clinical lab at Louisiana State University Medical Center. Her job entailed processing the blood work in preparation for testing. She testified that she inputs the names and results into the computer system, but she does not perform the actual test. Lafitte remembered that she received the blood work for the defendant, Rachael Hood and Velma Cubie. However, she testified that she did not remember the results of any of the tests. She also testified that her involvement with the specimens would not affect her service on the jury and that she could be fair and impartial.
Under LSA-C.Cr.P. art. 800(A), to assign an error to a refusal to grant a challenge for cause, the grounds for making the challenge must be stated at the time of the objection. In the instant case, when defense counsel made the challenge, the only ground mentioned was the prospective juror's relationship to the case. Thus, defendant's argument that Michelle was a potential witness was waived.
A challenge for cause should be granted, even when a prospective juror declares his ability to remain impartial, if the juror's responses as a whole reveal facts for which bias, prejudice, or inability to render judgment according to law may be reasonably implied. State v. Bourque, 622 So.2d 198 (La.1993). The trial judge is afforded *776 great discretion in determining whether cause has been shown to reject a prospective juror and such determination will not be disturbed unless a review of the voir dire as a whole indicates an abuse of discretion.
Although Lafitte's employment brought her into contact with defendant's blood sample, she testified that this limited contact was not enough to influence her in arriving at a verdict. Her statements during voir dire did not reveal any information that would show she was prejudiced toward the defendant or that she had any prior knowledge of facts relevant to the case. Since the defendant has not shown that the trial court abused its discretion in denying the challenge for cause, this assignment of error is without merit.

Assignment of Error No. 13
By this assignment, the defendant argues that the trial court erred in granting the state's challenge for cause of potential juror Eugenia Blankenship. The state challenged Eugenia, Blankenship because her exhusband had been represented by one of defendant's trial counsel. The trial court granted the challenge for cause.
The defendant does not have the right to question this ruling on appeal. Under LSA-C.Cr.P. art. 800(B), the erroneous allowance to the state of a challenge for cause does not give the defendant a ground for complaint, unless the effect of the ruling is the exercise by the state of more peremptory challenges that it is allowed by law. State v. Fleeks, 26,720 (La.App.2d Cir.3/1/95), 651 So.2d 370. The record reflects that the state only exercised three of its six peremptory challenges. Thus, defendant does not have grounds to contest the trial court's ruling. This assignment of error is without merit.

Assignment of Error No. 14
By this assignment, the defendant contends that the trial court erred in finding that the autopsy report on Velma Cubie did not contain Brady material. Contrary to defendant's assertions, the autopsy report did not contain any information favorable to the defendant. The report showed that Velma Cubie died as a result of low blood pressure and a bloodstream infection which caused her liver and kidneys to fail. All of her injuries were related to the car accident. The report did not contain any information which would relieve defendant from criminal responsibility for Velma Cubie's death. The injuries Velma Cubie suffered in the car accident were a proximate cause of her death, and the autopsy report only reinforces this fact.
Because there was no exculpatory information in the autopsy report, this assignment of error is without merit.

Assignments of Error Nos. 16 & 17
By these assignments, the defendant alleges that the trial court erred in not allowing defense counsel to question Rachael Hood regarding an automobile accident that she was involved in on April 9, 1997, and previous speeding tickets that she had received. By this line of questioning defendant was attempting to show the possibility that Rachael Hood was driving the Monte Carlo at the time of the accident.
In a proffer, defense counsel submitted the accident report which stated that Rachel Hood was at fault in causing an accident that occurred on April 9, 1997. The accident report revealed that she was speeding and lost control of the vehicle. The trial court refused to allow further questioning on this matter because of the possibility of a civil suit arising from the April 1997 accident. In a second proffer, Rachael Hood testified that she had received two traffic citations for speeding. However, the trial court refused to allow questioning concerning how fast the witness was driving.
Under LSA-C.E. art. 609.1, only criminal convictions can be used to attack a witness' credibility. Thus, the questions that the defense counsel sought to ask the witness were irrelevant and inadmissible since they were not in reference to criminal arrests or convictions. These assignments of error are without merit.

Assignments of Error Nos. 18 & 21
The defendant alleges that the trial court erred in ruling that a question directed to Elizabeth Ferguson would elicit hearsay testimony. Elizabeth Ferguson was questioned regarding a statement that her son, *777 Allan Ferguson, allegedly made to defense counsel's investigator.
During the trial, Elizabeth Ferguson testified that while she was traveling west on Interstate 20, she saw the black Monte Carlo pass on the right side of the vehicle in which she was a passenger. She stated that she was seated in the back seat on the passenger's side of the vehicle. The defendant alleges that during an interview with defense counsel's investigator, Allan Ferguson stated that when the Monte Carlo passed, Elizabeth Ferguson was seated in the back seat behind the driver, and not on the passenger's side.
The defendant did not offer any evidence to verify that Allan Ferguson actually made the above statement. Hearsay is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered to prove the truth of the matter asserted. LSA-C.E. art. 801(C). The statement allegedly made by Allan Ferguson constitutes hearsay and does not qualify as an exception. This assignment of error is without merit.

Assignment of Error No. 23
By this assignment, the defendant contends that the trial court erred in finding that a statement given by Elizabeth Ferguson to the state's investigator did not contain Brady material. We have reviewed the witness' statement to the investigator, which is included in the exhibits. The statement does not contain any Brady material. Ferguson told the investigator that she was in a vehicle traveling west on Interstate 20, and that the Monte Carlo went by her vehicle at a high rate of speed. She also referred to the driver of the Monte Carlo as a male. This assignment of error lacks merit.

Assignments of Errors Nos. 19, 20 & 22
By these assignments, defendant alleges that the trial court erred in allowing witnesses Steve Morris and Randy Elder to give opinion testimony regarding the positions of the occupants of the Monte Carlo after the accident.
If the witness is not testifying as an expert, his or her testimony in the form of opinions is limited to those opinions which are rationally based on the perception of the witness and helpful to a clear understanding of the testimony or the determination of a fact in issue. LSA-C.E. art. 701. Generally, a lay witness may only testify to facts within his knowledge and not to impressions or opinions; however, a witness is permitted to draw reasonable inferences based on personal observations. State v. Hattaway, 28,060 (La.App.2d Cir.5/8/96), 674 So.2d 380, writ denied, 96-1900 (La.1/10/97), 685 So.2d 141.
During direct examination, both Steve Morris and Randy Elder were questioned regarding whether or not they thought anyone could have gotten out of the Monte Carlo under his or her own power following the accident. The defendant objected to this question and the trial court overruled the objection. Steve Morris and Randy Elder testified that following the accident, defendant was in the driver's seat of the Monte Carlo, a female was pinned in the passenger's seat and another female was pinned in the back seat. They also testified that they did not think that anyone could have gotten out of the vehicle under his or her own power.
The defendant contended throughout the trial that he switched places with Ms. Hood during the accident. The testimony of Steve Morris and Randy Elder was not prejudicial as their opinions only concerned what they viewed after the vehicle stopped moving. Moreover, the testimony was cumulative in nature since several witnesses testified that the defendant was the driver of the vehicle at the time of the accident. These assignments of error are without merit.

Assignments of Error Nos. 26 & 27
By these assignments, defendant alleges that the trial court erred in giving an instruction to the jury which could be construed as requiring a guilty verdict on all three counts if there was a guilty verdict on any one count.
The defendant did not object to these instructions at trial. Unless objected to contemporaneously, an irregularity or error in the charge to the jury may not be asserted on appeal. LSA-C.Cr.P. art. 841; State v. Wilson, supra. Thus, these assignments are deemed waived.
*778 In any event, these assignments are meritless. The proper inquiry in reviewing a jury instruction is whether there is a reasonable likelihood that the jury applied it in an unconstitutional manner. Victor v. Nebraska, supra; State v. Smith, supra. While the trial court should have made it clear to the jury that a finding of guilt as to one of the victims did not mandate a finding of guilt as to all three, it is unlikely that the jury interpreted the instructions in that manner. The jurors were informed that they were to consider the defendant's responsibility for the death of each victim as the verdicts were returned on three separate forms, with each stating the verdicts that could be rendered for each victim. These assignments of error are without merit.

Assignment of Error No. 28
The defendant argues that the trial court erred in refusing to accept Don Odom as an expert in the treatment of addiction during the sentencing hearing.
The trial court's function is to determine that all expert testimony which is admitted into evidence is both reliable and relevant. State v. Foret, supra. A trial judge has wide discretion in determining whether to allow a witness to testify as an expert, and this judgment will not be disturbed by an appellate court unless it is clearly erroneous. Mistich v. Volkswagen of Germany, Inc., supra.
Don Odom had been licensed by the Texas Chemical Dependency Counselors of Alcohol and Drug Abuse for 18 months at the time of the sentencing hearing. Although he had approximately four hundred hours of training in counseling, Don Odom did not have a college degree in counseling. At the time of the sentencing hearing, Don Odom was working in the area of marketing and had not worked as a counselor for six months prior to the hearing.
The trial court concluded that Don Odom's educational background was insufficient and refused to qualify him as an expert witness. The trial court's decision to refuse to qualify Don Odom as an expert witness in the treatment of addiction was not clearly erroneous. Odom's opinion was not shown to be reliable because his educational background and counseling experience were insufficient to show that he could make a professional estimation of the defendant's chances of rehabilitation. This assignment of error is without merit.

Assignment of Error No. 29
By this assignment, defendant alleges that the trial court erred in imposing sentence. The defendant claims that the trial court based its sentence in part on an accusation that the defendant was driving under the influence of marijuana when he was involved in an accident that occurred in 1988.
On January 2, 1988, defendant was arrested for driving while intoxicated and criminally negligent homicide. One passenger in the vehicle that defendant was driving was killed and the other passenger lost both of his feet. The trial judge was presented with defendant's arrest record from the 1988 accident and with testimony from the arresting officer. Both indicated that the defendant was arrested for driving while intoxicated and that he had marijuana in his system at the time of the accident. The sources of information relied upon by the sentencing court are varied and may include evidence usually excluded from the courtroom at the trial of guilt or innocence, such as hearsay and arrest records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. Thus, the trial court properly considered the marijuana accusation during sentencing. This assignment is without merit.

Assignment of Error No. 30
The defendant alleges that the sentence imposed by the trial judge was constitutionally excessive.
In reviewing claims of excessive sentence, an appellate court uses a two-prong test. First, the record must show adequate consideration of the criteria set forth in LSA-C.Cr.P. art. 894.1. The record must reflect that the trial court adequately considered those guidelines in particularizing the sentence to the defendant. However, the trial court need not articulate every aggravating and mitigating circumstance outlined in *779 the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983), writ denied, 438 So.2d 1112 (La.1983). In sentencing a defendant, the trial court should consider defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir. 1988), writ denied, 521 So.2d 1143(La.1988).
The second prong of the test requires a determination of whether the sentence is too severe based on an examination of the circumstances of the offense and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Caraway, 28,769 (La.App.2d Cir.10/30/96), 682 So.2d 856. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Caraway, supra.
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, this court does not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Henton, 28,576 (La. App.2d Cir.9/25/96), 682 So.2d 777.
As a general rule, maximum sentences are appropriate in cases involving the most serious violation of the offense and the worst type of offender. State v. Grissom, 29,718 (La.App.2d Cir.8/20/97), 700 So.2d 541; State v. Walker, 573 So.2d 631 (La.App. 2d Cir.1991).
In sentencing the defendant, the trial court considered the fact that defendant was a first time offender from a large family with a close family relationship. The trial court noted that the defendant was a twenty-seven-year-old single male and that he was in good health. The court also noted that the defendant made average grades in high school. The trial court recognized the fact that the defendant has a history of alcohol and drugrelated problems and his blood alcohol concentration was more than twice the legal limit when this accident occurred. The trial court found that defendant had a poor chance of rehabilitation because of three prior failed attempts at rehabilitation and because of his continuing abuse of alcohol.
The record supports the sentences imposed. Defendant caused an accident which killed three people and left another person with permanent injuries. In addition to his extremely high blood alcohol content, he was driving at an excessive rate of speed and was weaving in and out of traffic. These factors, in addition to those factors previously mentioned, support the imposition of maximum consecutive sentences for this defendant.
The sentences imposed by the trial judge do not shock our sense of justice and are not a needless or purposeless infliction of pain and suffering. Thus, these sentences are not constitutionally excessive. This assignment of error is without merit.

Errors Patent
We have reviewed the record for error patent, LSA-C.Cr.P. art. 920(2), and note that the district court failed to direct that the sentence be served without benefit of parole, probation or suspension of sentence. Because the state failed to appeal that sentencing error, this court may not correct this illegality. State v. Fraser, 484 So.2d 122 (La.1986); State v. Moore, 26,329 (La.App.2d Cir.8/17/94), 642 So.2d 679.
Error patent review also discloses that the trial court informed the defendant that he had three years to apply for post-conviction relief, but failed to properly indicate when the prescriptive period begins. The three year prescriptive period does not begin to run until the judgment is final under LSA-C.Cr.P. art. 914 or 922. Thus, prescription has not yet begun to run. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Harvey, 26,613 (La.App.2d Cir.1/25/95), 649 So.2d 783. This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case for resentencing. State v. Mock, supra; State v. Cox, 604 *780 So.2d 189 (La.App. 2d Cir.1992); LSA-C.Cr.P. arts. 921 and 930.8(C). The district court is directed to send the appropriate written notice to the defendant within 10 days of the rendition of this opinion and file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992).

CONCLUSION
For the reasons assigned, the defendant's convictions and sentences are affirmed.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and BROWN, WILLIAMS, STEWART and PEATROSS, JJ.
Rehearing denied.
NOTES
[1] The record does not indicate that the defendant used a peremptory challenge to remove Michelle Lafitte from the jury. However, directly following the judge's denial of the challenge for cause, she was excused from the jury. The record also reflects that the defendant used all six of its peremptory challenges during voir dire.