764 So.2d 250 (2000)
STATE of Louisiana, Appellee,
v.
Michael ZIHLAVSKY, Appellant.
No. 33,467-KA.
Court of Appeal of Louisiana, Second Circuit.
June 21, 2000.
*252 Peggy J. Sullivan, Louisiana Appellate Project, Counsel for Appellant.
Richard Ieyoub, Attorney General, Counsel for Appellee.
Before GASKINS, CARAWAY and PEATROSS, JJ.
GASKINS, J.
Following a jury trial, the defendant, Michael Zihlavsky, was convicted as charged of aggravated kidnapping, a violation of La. R.S. 14:44. The trial court sentenced the defendant to the mandatory term of life imprisonment, without benefit of parole, probation or suspension of sentence. The defendant's conviction and sentence are affirmed.

FACTS
On March 1, 1998, the defendant enticed a seven-year-old girl into his car under the guise that he knew where her lost cat was and would take her to it. Once the victim was in the defendant's car, he locked the doors and refused to allow her to get out of the car. The defendant then took the victim to a secluded wooded area and threatened to kill her or members of her family unless she did as he ordered. The defendant removed the victim's clothes and his boxer shorts. He inserted his finger in the child's vagina, causing a tear in her hymen. The defendant ordered the victim to perform oral sex on him to the point of ejaculation. He forced the victim to swallow his ejaculate, stating that if she spit it out he would make her lick "every drop of it" off of his car seat. He also put a lubricant on her finger and ordered her to insert it into his anus. During the commission of these acts, the defendant was armed with a knife which he held to the victim's neck.
After achieving his sexual gratification, the defendant took the victim to a restaurant near her house. Before releasing her from his car, the defendant told the child to tell her parents that she had become lost while looking for her cat. He threatened to kill her and her family if she told anyone about what he had done; in furtherance of this, he claimed to have a police scanner which would allow him to ascertain if the police were notified. The defendant gave the victim 35 cents to use a pay phone inside the restaurant to call her parents.
When the victim entered the restaurant, crying and disoriented, restaurant workers came to her assistance. The police and the child's family were notified of the incident, and she was transported to a hospital for a medical examination.
*253 The police swiftly developed the defendant as a suspect. Among other things, the victim was able to describe a tattoo on the defendant's arm and several identifying features about his vehicle, including the shape of cracks in its windshield. The victim picked the defendant out of a photo line-up, and he was arrested within days of the kidnapping. It was discovered that the defendant, who had shoulder-length hair at the time of the offense, had tried to change his appearance almost immediately afterwards by cutting his hair. DNA analysis of a fecal stain found on the jeans worn by the victim at the time of the assault conclusively matched it to the defendant.
At trial, defense counsel admitted during opening statement that the defendant was the perpetrator of this offense and stated that the facts of this "horrible" crime would not be disputed. However, the defense asserted that, even accepting all the facts presented by the state, the defendant could only be convicted of the lesser included offense of second degree kidnapping.
A unanimous jury convicted the defendant as charged of aggravated kidnapping. The defendant filed a motion for post verdict judgment of acquittal and/or modification of verdict. The trial court denied the motion and imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence.
The defendant appealed, asserting five assignments of error which present three basic issues for our consideration.

SUFFICIENCY OF EVIDENCE
Three of the defendant's assignments of error attack the sufficiency of the evidence and assert improper jury instruction. Specifically, the defendant argues that the state did not prove an essential element of the offense of aggravated kidnapping, i.e., forcing the victim, or some other person, to give up anything of value in order to secure her release.
Aggravated kidnapping is defined in La. R.S. 14:44, in pertinent part, as follows:
Aggravated kidnapping is the doing of any of the following acts with the intent thereby to force the victim, or some other person, to give up anything of apparent present or prospective value, or to grant any advantage or immunity, in order to secure a release of the person under the offender's actual or apparent control:
(1) The forcible seizing and carrying of any person from one place to another; or
(2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
Second degree kidnapping is defined in La. R.S. 14:44.1, in pertinent part, as follows:
A. Second degree kidnapping is the doing of any of the acts listed in Subsection B wherein the victim is:
(1) Used as a shield or hostage;
(2) Used to facilitate the commission of a felony or the flight after an attempt to commit or the commission of a felony;
(3) Physically injured or sexually abused;
(4) Imprisoned or kidnapped for seventy-two or more hours, except as provided in R.S. 14:45(A)(4) or (5); or
(5) Imprisoned or kidnapped when the offender is armed with a dangerous weapon or leads the victim to reasonably believe he is armed with a dangerous weapon.
B. For purposes of this Section, kidnapping is:
(1) The forcible seizing and carrying of any person from one place to another; or

*254 (2) The enticing or persuading of any person to go from one place to another; or
(3) The imprisoning or forcible secreting of any person.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the proper standard of appellate review for a sufficiency of evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.1992), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La. App.2d Cir.9/25/98), 719 So.2d 610, writ denied, 98-2723 (La.2/5/99), 737 So.2d 747.
This court's authority to review questions of fact in a criminal case is limited to the sufficiency-of-the-evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. La. Const. art. 5, § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. White, 28,095 (La.App.2d Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760.
The defense vigorously argued to the jury that the facts of this case, when applied to the law, prove only that the defendant committed the offense of second degree kidnapping, and not aggravated kidnapping. The jury was instructed on the elements necessary to commit aggravated, second degree, or simple kidnapping. In conjunction with the instruction on aggravated kidnapping, the trial court correctly gave a very general instruction on the definition of "anything of value" as set forth in La. R.S. 14:2(2) and of sexual gratification consistent with the holdings in State v. Arnold, 548 So.2d 920 (La.1989), and State v. Rault, 445 So.2d 1203 (La. 1984). These instructions were warranted and proper in light of the factual evidence adduced at trial. La.C.Cr.P. art. 802 & art. 803.
The verdict form included possible verdicts of aggravated kidnapping, attempted aggravated kidnapping, second degree kidnapping, attempted second degree kidnapping, simple kidnapping, attempted simple kidnapping, or not guilty. On this record, it is unlikely and, in light of the extensive argument on the issue, not reasonable to presume that the jury misunderstood the law or improperly applied it to the facts. State v. Baker, 31,162 (La.App. 2nd Cir. 10/28/98), 720 So.2d 767, writ denied, 99-0007 (La.4/23/99), 742 So.2d 880.
Clearly, this unanimous jury rejected the defense's theory, finding him guilty as charged of aggravated kidnapping. The fact that the defendant prevented the victim from leaving his car, threatened her *255 life if she disobeyed him, and during her captivity forced her to fulfill his sexual demands provides a factual basis for a finding that he intended to extort something of "value" from his victim in exchange for her release. In Arnold, supra, the Supreme Court addressed the failure of the kidnapper to explicitly communicate the intent to extort, by explaining:
This intent is manifested not merely by the kidnapper's words or actions, but by analyzing whether a reasonable person in the victim's place, given the totality of the circumstances, would believe that he or she would not be safely released unless he or she complied with the kidnapper's demands for sexual gratification.
The defendant's argument that the legislature's enactment of La. R.S. 14:44.1 was somehow intended to overrule Arnold, supra, is without support or merit. The difference between aggravated and second degree kidnapping is the intent to extort. The defendant exhibited the requisite intent to obtain something of value through the advantage of the victim's fear and isolation. Arnold, supra. See also State v. Roblow, 623 So.2d 51 (La.App. 1st Cir. 1993).
In light of the facts of this case and the age of the victim, a rational trier of fact could have concluded that the evidence proved beyond a reasonable doubt that the defendant committed the offense of aggravated kidnapping. Accordingly, the trial court correctly denied the defendant's motion for post verdict judgment of acquittal and/or modification of verdict.
These assignments of error have no merit.

MOTION TO RECUSE DEFENSE COUNSEL
The defendant contends that the trial court erred in denying his pre-trial pro se motion to relieve his appointed counsel, Alan J. Golden, managing director of the Indigent Defender Board (IDB). He asserted a number of reasons in support of his motion, including that the IDB had the résumé of the victim's father, an attorney, on file; that Mr. Golden had failed to adequately conduct a pre-trial investigation; that he had failed to file a motion for change of venue; and generally that he was not acting in the defendant's best interests.
On February 10, 1999, a hearing was held on the motion, and the defendant was permitted to present argument in support of his motion. Mr. Golden responded to each of the defendant's assertions. The trial court denied the motion, concluding that an apparent personality conflict and miscommunication between appointed counsel and the defendant did not warrant recusal and appointment of new counsel. Specifically, the trial judge stated:
Most of this complaint that I had received deals with the Defendant basically saying he is just unhappy with your representation in general.
That is not a basis for recusal of counsel, Mr. Zihlavsky, unless it comes to the stage of Mr. Golden not representing you properly and being incompetent counsel.
An indigent defendant has the right to appointed counsel. La.C.Cr.P. art. 511 & art. 513. However, this right does not necessarily equate to counsel of defendant's choice. State v. Thomas, 28,790 (La.App. 2nd Cir. 10/30/96), 683 So.2d 1272, writ denied, 96-2844 (La.4/25/97), 692 So.2d 1081, citing State v. Harper, 381 So.2d 468, 470 (La.1980). In Thomas, this court stated:
The court cannot be called upon to appoint other counsel than the one originally appointed merely to please the desires of the indigent accused, in the absence of an adequate showing that the court appointed attorney is inept or incompetent to represent the accused. State v. O'Neal, 501 So.2d 920 (La.App. 2d Cir.1987), writ denied, 505 So.2d 1139 (La.1987).
Here, the trial judge was convinced that the defendant's concerns regarding his *256 representation had been adequately addressed by the filing of various pre-trial motions and the appointment of co-counsel to assist Mr. Golden. There was no showing that Mr. Golden's representation of the defendant was incompetent.[1] Since general dissatisfaction with appointed counsel does not warrant appointment of new counsel, the trial court did not abuse its discretion in denying the defendant's motion.
This assignment of error lacks merit.

ADMISSIBILITY OF PHOTOS
In his final assignment of error, the defendant argues that the court committed reversible error by permitting the state to enter into evidence a photo of the victim and three photos of her cat. The defense made contemporaneous objections to the admission of the photographs at trial, arguing that they were irrelevant and prejudicial. According to the state, the photos were necessary to depict the victim as she looked at the time of the kidnapping and the cat she was seeking when the defendant abducted her.
State's Exhibit 9 is a school photo of the victim taken shortly before the offense occurred. In the photo, the girl is missing her two front teeth. The photo was admitted through the victim's father who testified that the picture accurately depicted the victim's physical appearance at the time of the kidnapping. This photo was also used during the direct examination of several witnesses, allowing them to confirm the identity of the victim who they had come in contact with following the kidnapping. The defense objected to the admission of the photo, asserting that it was irrelevant and likely to invoke the sympathy of the jury.
State's Exhibits 13, 13A and 13B are photos of the victim's cat. There was considerable testimony at trial that the victim had left home on her bike to search for her missing cat. The photos were used to identify the cat as she had described it to the defendant and to corroborate the victim's testimony about why she was away from her home when she was abducted. In particular, the photos were used during the testimony of the victim to aid her in telling, and unfortunately revisiting, the traumatic events of that day. The defense objected to the admission of these photos, arguing that the photos had no probative value and were unduly prejudicial.
The trial court's determination regarding the relevancy of evidence is entitled to great weight and will not be overturned on appeal absent a clear abuse of discretion. State v. Jordan, 31,568 (La. App. 2nd Cir. 2/24/99), 728 So.2d 954, writ denied, 99-0893 (La.10/8/99), 750 So.2d 177; State v. Gay, 29,434 (La.App. 2nd Cir. 6/18/97), 697 So.2d 642. Photographs are generally admissible if they illustrate any fact, shed light upon any issue in the case, or serve to describe the person, thing or place depicted. State v. Gay, supra. The relevancy of evidence is determined by the purpose for which it is offered. State v. Caston, 26,415 (La.App. 2nd Cir. 10/26/94), 645 So.2d 1202, writ denied, 94-3137 (La.5/5/95), 654 So.2d 337. In Caston, this court held that the trial court properly admitted a photograph of the victim as he appeared when he was murdered by the defendant, despite the defendant's objection that the photo was irrelevant and intended to promote jury sympathy. A photograph that corroborates the testimony of a victim has probative value. State v. Sanford, 27,268 (La.App. 2nd Cir. 8/23/95), 660 So.2d 555, writ denied, 95-2570 (La.2/9/96), 667 So.2d 527.
In light of the trial court's great discretion in admitting photographs into evidence, we find no error in the court's decision to admit these photographs over *257 the defendant's objection. They were clearly relevant, and their probative value outweighed any prejudice.
This assignment is without merit.

CONCLUSION
The defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] We note that, in the face of overwhelming evidence of the defendant's guilt, defense counsel strategically chose to admit at trial that the defendant was the perpetrator in order to establish credibility with the jury and then vigorously argue that the proper charge against the defendant was only second degree kidnapping.