J^DREW, J.
The state charged Grosean Jones with possession of cocaine with intent to distribute, possession of a firearm while in possession of a controlled dangerous substance and possession of drug paraphernalia. The parties entered into a plea agreement under which defendant pleaded guilty to the possession with intent charge and the state agreed to dismiss the remaining charges. The district court sentenced defendant to the mandatory minimum term of five years at hard labor without benefit of parole, probation or suspension of sentence and denied a timely motion for reconsideration. Finding no meritorious issues, we affirm.

DISCUSSION

The record shows that on October 26, 1999, officers from the DeSoto Parish Narcotics Task Force executed a search warrant at defendant’s Mansfield home. The police discovered a bag containing 16 smaller bags of cocaine, a .25 caliber pistol and drug paraphernalia. Laboratory analysis confirmed the identify of the controlled dangerous substance.
Appellate defense counsel informed this court and the defendant, that after a conscientious and thorough review of the record, there are no non-frivolous issues to be raised. Defendant has not chosen to file an appellate brief. Appellate counsel moved to withdraw. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); State v. Jyles, 96-2669 (La.12/12/97), 704 So.2d 241; State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990).
This court has reviewed all the pleadings filed in the district court, the court proceedings, the bill of information, and all transcripts contained in the record. The defendant was properly charged by bill of information which was signed by an assistant district attorney. Defendant was present in court and represented by counsel at all important stages of the proceedings. A review of the guilty plea colloquy and other matters of record establish a factual basis for the guilty plea and | conviction. The sentence imposed is the mandatory minimum for the offense of conviction. It is lawful and not constitutionally excessive for this first felony offender. Our independent review disclosed *1134 no non-frivolous issues and no ruling which arguably supports an appeal.
Our error patent review disclosed that the trial court informed defendant that he had “three years to apply for post-conviction relief from the time that this judgment becomes final.” This is a common error. The two-year prescriptive period does not begin to run until the judgment is final under La.C.Cr.P. art. 914 or 922; thus, prescription has not yet begun to run. State v. Harvey, 26,613 (La.App.2d Cir.1/25/95), 649 So.2d 783, writ denied, 95-0430 (La.6/30/95), 657 So.2d 1026, writ denied, 95-0625 (La.6/30/95), 657 So.2d 1028; State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992).
We direct the district court to send appropriate written notice to defendant within 30 days of the rendition of this opinion and to file proof of defendant’s receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992). No other error patent was noted.

DECREE

Appellate defense counsel’s motion to withdraw is granted. The conviction and sentence are AFFIRMED.