517 So.2d 291 (1987)
STATE of Louisiana
v.
Tom H. JAMES.
No. KA870371.
Court of Appeal of Louisiana, First Circuit.
November 10, 1987.
*292 Donald T. Carmouche, Dist. Atty., Donaldsonville, for the State of La.
Barry J. Landry, Reserve, La., for Tom James.
Before WATKINS, CARTER and CHIASSON,[*] JJ.
CHIASSON, Judge.
Defendant, Tom James, was originally charged by bill of information with distribution of cocaine, in violation of La.R.S. 40:967(A). He pled not guilty to this offense on January 13, 1986. On March 18, 1986, the state in open court orally amended the bill of information to charge defendant with the crime of distribution of a controlled dangerous substance, a violation of La.R.S. 40:967(A). At that time, defendant was rearraigned and entered a plea of guilty to the new charge. The state did not file a bill of information to charge the crime of distribution of a controlled dangerous substance, nor did the state file a written amendment of the bill of information to conform to the new charge. Defendant was sentenced to serve a term of three (3) years at hard labor and pay a $1,000 fine or serve an additional year in default thereof. He has appealed urging only that his sentence is excessive and that the trial court failed to follow the sentencing guidelines set forth in La.Code Cr.P. Art. 894.1.
We have reviewed the record and find an error patent on the face of the record which pretermits the necessity of our deciding the issues assigned as error. An oral amendment in open court of an indictment or information must charge a responsive lesser included offense; otherwise, the amendment must be in writing.
See State v. Breaux, 504 So.2d 1011 (La. App. 1st Cir.1987). The amendment of the indictment or information is jurisdictional; and absent a valid amendment of the same, the state courts are without jurisdiction to proceed further. See State v. Cook, 372 So.2d 1202 (La.1979); State v. Breaux, supra.
La.R.S. 40:967 sets forth the prohibited acts with respect to the controlled dangerous substances listed in Schedule II of La. R.S. 40:964. It provides, in pertinent part, as follows:
A. Manufacture; distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II;
(2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.
B. Penalties for violation of Subsection A. Except as provided in Subsection F hereof, any person who violates Subsection A with respect to:
(1) A substance classified in Schedule II which is a narcotic drug, shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifteen thousand dollars;
(2) Pentazocine shall be sentenced to imprisonment at hard labor for not less than seven years nor more than ten years, without benefit of parole, probation, or suspension of sentence; and, in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars.
(3) Any other controlled dangerous substance classified in Schedule II except pentazocine shall be sentenced to a term of imprisonment at hard labor for not more than ten years; and, in addition, *293 may be sentenced to pay a fine of not more than fifteen thousand dollars.
The error in the present case is obvious. The original bill of information charged defendant with distribution of cocaine, a Schedule II controlled dangerous substance. The bill as orally amended merely charges defendant with distribution of a controlled dangerous substance, in violation of La.R.S. 40:967(A). That statute discloses that the prohibited substance is classified in Schedule II; however, the amended bill fails to designate which Schedule II controlled dangerous substance defendant is charged with distributing.
The error before us is one of a substantive nature, not merely one of a technical nature. The exact identity of the controlled dangerous substance determines what the maximum authorized sentence is under La.R.S. 40:967(B), and is an essential element of the crime of distribution thereof. Compare State v. Bass, 509 So.2d 176 (La.App. 1st Cir.1987), regarding the failure to specify the value of property in a charge of simple criminal damage to property. When a defendant is charged with distribution of a controlled dangerous substance, he cannot be compelled or required to defend himself against all of the named drugs classified in the Schedules as controlled dangerous substances. The charge must list a specific drug, and the evidence must establish that this specific drug was present. To allow otherwise would violate defendant's constitutional right to be informed of the nature and cause of the charges against him. La. Const. of 1974, Art. I, § 13.
Here, not only does the amended bill fail to charge a responsive lesser included offense to a charge of distribution of cocaine, it is fatally defective in that it fails to charge any offense. Thus, we hold that the bill of information was never amended and that defendant still stands charged with the crime of distribution of cocaine, in violation of La.R.S. 40:967(A).

DECREE
For the reasons assigned, the conviction and sentence are reversed and set aside. The case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
NOTES
[*] Judge Remy Chiasson, retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the death of Judge John S. Covington.