587 So.2d 125 (1991)
STATE of Louisiana, Appellee,
v.
Bobbie A. MILLER, Appellant.
No. 22738-KA.
Court of Appeal of Louisiana, Second Circuit.
September 25, 1991.
*126 Charles A. Smith, Minden, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James M. Bullers, Dist. Atty., L. Charles Minifield, Asst. Dist. Atty., Minden, for appellee.
Before LINDSAY, VICTORY and STEWART, JJ.
VICTORY, Judge.
This appeal arises out of a conviction for distribution of cocaine for which defendant was sentenced to serve ten years at hard labor. She appeals her conviction and sentence complaining of (1) the trial court's failure to give a special jury instruction, (2) the insufficiency of evidence to support the conviction, and (3) the excessive sentence. We affirm the conviction, but reverse the sentence.

FACTS
On November 23, 1988, at approximately 10:30 p.m., an undercover agent assigned to the Bienville-Claiborne-Webster Narcotics Task Force, Robert Thomas, and a confidential informant (hereinafter CI) drove to a residence located on Maiden Lane in Minden. Upon their arrival, the CI introduced the agent to the defendant, Ms. Bobbie Miller. After telling agent Thomas that she had some crack cocaine for sale, the defendant retrieved a small plastic container which contained a small, hard, off-white, rocklike substance. Agent Thomas then purchased two rocks of what he believed to be cocaine for $60.00. Laboratory tests later confirmed that the substance purchased was, in fact, cocaine.
A warrant for defendant's arrest was issued January 11, 1990. She was charged by bill of information with one count of distribution of cocaine in violation of LSA-R.S. 40:967(A)(1). On April 26, 1990, a jury *127 found the defendant guilty as charged, and she was later sentenced to serve ten years at hard labor.

SPECIAL JURY INSTRUCTIONS
The defendant contends the trial court erred in refusing to give an instruction regarding the state's failure to call the CI as a witness at trial. Relying on LSA-R.S. 15:432, the defendant requested the following special instruction:
If the evidence before you shows that either party failed to produce that witness, who was unavailable to the other party, then you must presume that the witness did not testify because his testimony would not have aided the party who failed to call him. This presumption does not apply if the witness was equally available to be called by both parties. But it is never permissible for you to infer guilt or unfavorable testimony from the defendant's failure to testify.
This court recently addressed the same issue in State v. Smith, 576 So.2d 105 (La.App. 2d Cir.1991). Smith's request for an identical instruction was rejected after we considered the well established privilege of withholding a CI's identity. See also State v. Weems, 358 So.2d 285 (La.1978).
At a hearing outside the presence of the jury, the trial court correctly balanced Miller's request with the state's right to protect the identity of the CI. The trial judge recognized the public policy served in encouraging people to come forward and give information by insuring that their identity will not be revealed. To allow the state to withhold the CI's identity and then instruct the jury that failure to call the CI meant his testimony would not aid the state, would create a falsehood to the jury.
LSA-C.Cr.P. Art. 807 provides, in pertinent part, "A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation...." The proposed charge was not wholly correct and would have required qualification, limitation, and explanation in light of the informer's privilege. Thus, the trial court properly refused to charge the jury as requested. State v. Weems, supra; State v. Smith, supra.
This assignment is without merit.

INSUFFICIENCY OF EVIDENCE
By this assignment, the defendant challenges the sufficiency of the evidence to sustain her conviction for distribution of cocaine. Defense counsel failed to particularize what aspect of the case was not proved beyond a reasonable doubt and only alluded to the considerable time period between the offense and the arrest and that the jury verdict was not unanimous.
In order to satisfy due process standards, the evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational juror to conclude that the essential elements of the crime were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). LSA-C.Cr.P. Art. 821.
The crime of distribution is the knowing or intentional distribution of a controlled dangerous substance. Distribution is defined as "delivery" or "physical transfer." In addition to delivery, the state must prove the defendant must have known or had "guilty knowledge" of the controlled dangerous substance when he/ she transferred it. State v. Morris, 508 So.2d 608, 610 (La.App.2d Cir.1987). Furthermore, the exact identity of the controlled dangerous substance is an essential element of the crime of distribution thereof. State v. James, 517 So.2d 291, 293 (La.App. 1st Cir.1987).
According to the undercover agent's testimony, the defendant sold him two rocks of crack cocaine for the price of $60.00 after displaying the substance in a small bottle. In the courtroom, Thomas positively identified the defendant as the seller of the rocks.
The state properly proved the chain of custody on the substance from the time of purchase, to the North Louisiana Criminalistics Laboratory for analysis, up to the day of trial. Dempsey Alford, a forensic chemist at the lab, testified to his handling *128 of the evidence, including the lab's chain of custody procedures and the mass spectrometer test performed. Mr. Alford gave his expert opinion that the substance sold by the defendant was cocaine.
Although a considerable period of time elapsed between the date of sale and the date of the arrest, Agent Thomas positively identified the defendant in court. Thomas explained that in accord with normal office procedure the arrest was delayed so that he could continue his investigations without "blowing his cover" by making an immediate arrest.
The defendant, while admitting to cocaine use, denied selling drugs to Agent Thomas, or anyone else. However, the jury obviously rejected her testimony and chose to believe the testimony of Agent Thomas. Judging the credibility of the witness is one of the major functions of a jury. A determination of credibility is not disturbed on appeal, absent manifest error. Lirette v. State Farm Ins. Co., 563 So.2d 850, rehearing denied, (La.1990); Edwards v. Edwards, 556 So.2d 207 (La.App. 2d Cir. 1990).
Viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have concluded that the essential elements of the crime were proven beyond a reasonable doubt. Agent Thomas testified the defendant said she had cocaine and that it was for sale. She knowingly and intentionally sold two pieces of the substance to agent Thomas for $60.00. The substance was, in fact, cocaine. Thomas identified the defendant as the seller. Based on these facts, there was sufficient evidence to support the conviction.
This assignment is also without merit.

EXCESSIVE SENTENCE
LAW
In determining whether a sentence imposed is excessive, the sentencing court must consider two interrelated criteria. First, the record must reflect that the trial court considered the factors set forth in LSA-C.Cr.P. Art. 894.1. The judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983).
Articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La. 1981); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
A first felony offender is not automatically entitled to a suspended sentence or probation. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ denied, 435 So.2d 438 (La.1983).
Second, a sentence must be reviewed for constitutional excessiveness. A sentence violates La. Const. Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or is nothing more than needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985).
DISCUSSION
In claiming that the sentence imposed is excessive, the defendant argues the trial court should have given greater weight to her first felony offender status and the fact she has six children.
Before imposing sentence, the trial court detailed its consideration of several factors.
*129 The defendant, Bobbie Miller, was found to be a thirty-nine-year-old female with no previous felony convictions. Although the defendant's juvenile record was unspecified, the PSI indicated that she was sent to LTI in Scotlandville because she "would not go to school." She completed the eighth grade while at LTI. Defendant was arrested in 1978 and charged with aggravated battery, but no disposition was indicated. The PSI further documented that the defendant admitted using marijuana and crack cocaine and has never been gainfully employed. The trial transcript indicates the defendant has one child living with her, but is unclear about the status of the others.
The court determined that the defendant was likely to commit another offense due to her age, her admitted use of drugs, her lack of remorse, and the businesslike manner in which she conducted the drug sale with the undercover agent. According to the trial judge, the defendant's character and attitude indicated she was likely to commit another crime if placed on probation. He noted the defendant's failure to voluntarily participate in pretrial drug testing programs. Considering the foregoing, the trial court adequately complied with Art. 894.1 by articulating the factors which influenced the sentence imposed.
However, we find that the record and the reasons given by the trial court do not support a sentence of ten years at hard labor for this defendant.
The penalty for distribution of cocaine is imprisonment at hard labor for not less than five years and not more than thirty years. LSA-R.S. 40:967(B).
In State v. Winston, 567 So.2d 1131 (La. App. 2d Cir.1990), writ granted and sentence vacated, 572 So.2d 54 (La.1991), the defendant, a thirty-eight-year-old street dealer, sold one rock of cocaine to an undercover agent for $20.00. In addition to three prior misdemeanor convictions, including possession of marijuana and disturbing the peace, he had previously been arrested for carrying a concealed weapon and possession of marijuana. However, the PSI contained several recommendations from officers who noted his exemplary community service work and regular substance abuse treatment.
This court initially vacated as excessive a sentence of nine years at hard labor imposed as a result of Winston's guilty plea to one count of distribution of cocaine. Although we held that a sentence of seven years at hard labor was the maximum which could be justified under the facts, on rehearing, the original ruling was set aside and the sentence was affirmed. However, the Supreme Court found the nine year sentence to be excessive and ordered the sentence vacated. A sentence of seven years was later imposed by the trial court.
In a case strikingly similar to the instant case, State v. Smith, 576 So.2d 105 (La. App. 2d Cir.1991), this court recently set aside a defendant's ten year sentence after she was convicted of distributing $40.00 worth of cocaine. The defendant, a twenty-eight-year-old female, was a first felony offender with a prior misdemeanor conviction for disturbing the peace. The trial court noted that the defendant had a substantial history of drug abuse and quit high school in the eleventh grade. Parallel to the case sub judice, the trial judge placed great emphasis upon the undue risk of the defendant committing another crime. In vacating the ten year sentence, we noted the defendant was convicted of selling a small quantity of drugs for a small amount of money and was only a low-level street dealer. For these reasons, the case was remanded with instructions to resentence the defendant for a maximum of eight years at hard labor.
Other reported cases affirming sentences of six and eight years for distribution of cocaine include State v. Collins, 535 So.2d 973 (La.App. 2d Cir.1988), writ granted on other grounds 536 So.2d 1200 (La.1988), and State v. Williams, 562 So.2d 965 (La. App. 3d Cir.1990). Each of these cases involved multiple sales of small amounts of cocaine and both defendants had at least one prior misdemeanor conviction.
In light of the jurisprudence cited above and the defendant's lack of any prior convictions *130 as an adult, the facts of this case do not justify a sentence of ten years at hard labor. Like the defendant in Smith, Miller is an addict with a drug abuse problem who was convicted of selling a small quantity of drugs for a small amount of money. Therefore, we find the maximum sentence we could affirm for this offense and this offender is eight years at hard labor. This case is remanded for resentencing in accord with this opinion.

CONCLUSION
For the reasons stated above, the defendant's conviction is affirmed. The sentence is vacated and the case remanded to the district court for resentencing in accord with this opinion.

DECREE
CONVICTION AFFIRMED, SENTENCE VACATED, AND CASE REMANDED FOR RESENTENCING.