730 So.2d 515 (1999)
STATE of Louisiana, Appellee,
v.
Quincy Bernard SCOTT, Appellant.
No. 31,617-KA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1999.
*516 Charles Kincade, Monroe, Counsel for Appellant.
Richard Ieyoub, Attorney General, Jerry L. Jones, District Attorney, H. Stephens Winters, Assistant District Attorney, Counsel for Appellee.
Before STEWART, PEATROSS and DREW, JJ.
STEWART, J.
This criminal appeal arises from the Fourth Judicial District Court, Ouachita Parish, the Honorable Michael S. Ingram, presiding. The defendant, Quincy Bernard Scott, was charged by bill of information with three counts of distribution of marijuana and one count of conspiracy to distribute marijuana. A jury found the defendant guilty of two counts of distribution of marijuana, a violation of La. R.S. 40:966. The trial judge sentenced the defendant to serve a sentence of twelve (12) years at hard labor on each count to run concurrently. From this conviction and sentence, the defendant now appeals urging the evidence was insufficient to support the verdicts. We affirm.

FACTS
On three separate dates, March 27, 1996, March 28, 1996, and April 3, 1996, an undercover police officer purchased marijuana from the defendant and/or the defendant's brother. The three transactions in question were recorded on audio cassettes. David May (May), an officer with the West Monroe Police Department, testified that the defendant and his brother, Shawn Scott, were the focus of a drug investigation on March 27, 1996. Deputy Jeremy Taylor (Taylor), Winn Parish Sheriff's Department, was used as an *517 undercover officer on March 27, 1996. Taylor was aided by a confidential informant. Taylor negotiated all of the drug deals. May ran the operation and listened to the transactions.
On March 27, 1996, Taylor and the confidential informant arrived at the buy location at about 5:30 p.m., and the defendant arrived a few minutes later. The transaction was brief as the defendant handed Taylor the suspected marijuana, and Taylor handed the defendant the money. Taylor paid $50 for a quarter or a half ounce of marijuana. On March 27, 1996 (count 1), Taylor purchased a half ounce of suspected marijuana for $50. These suspected drugs were submitted to the crime lab on March 28, 1996.
On March 28, 1996 (count 2), Taylor contacted the defendant in order to buy some more marijuana, and the defendant said he would send his brother, Shawn, to make the sale. Taylor purchased an ounce of the suspected marijuana from Shawn for $100. Since the amount of marijuana appeared to be insufficient for the price, Taylor tried to get Shawn to take less money, but Shawn indicated the price was set since the drugs belonged to the defendant. The defendant was not present at the transaction of March 28, 1996. These suspected drugs were submitted to the crime lab on March 29, 1996.
On April 3, 1996, Taylor made another buy from the defendant. They met at a site picked by the defendant, and when the defendant arrived, Taylor complained about the bag being short on the last purchase. The defendant said he would make up for the amount being short the last time, and he told Taylor to drive around the corner to the defendant's residence. Both the defendant and Shawn were at the residence. On April 3, 1996 (count 3), Taylor purchased an ounce of suspected marijuana for $100. These suspected drugs were submitted to the crime lab on April 4, 1996.
On April 22, 1996, Taylor selected the defendant's photo during a photo line-up. The defendant was charged by bill of information with three counts of distribution of marijuana and one count of conspiracy to distribute marijuana. On December 8-9, 1997, the defendant was tried by a twelve person jury.
The audio cassette recordings of the three transactions in question were played for the jury. The tape from March 27th was played for the jury, and after if was played, Taylor identified the defendant as the person from whom he bought the drugs. The tape from the March 28th transaction was played for the jury. The tape of the April 3rd purchase was played for the jury, and then, Taylor indicated that he purchased the suspected marijuana from the defendant. Taylor identified the package he purchased on April 3, and said he paid $100 for it. Taylor said he did not entice the defendant into selling the suspected drugs on any occasion.
Although no individual identifies himself as Quincy Scott, on the tapes from March 27 and April 3, Taylor stated the only times he ever saw the defendant were on March 27 and April 3. Taylor indicated that he was sure he purchased the suspected drugs from the defendant on those dates, not from Shawn Scott. Taylor said he did not know the person that was with the defendant on March 27, but the person was not Shawn. However, Taylor said Shawn was with the defendant on April 3, that Shawn handed the drugs to Taylor on this date and that both the defendant and Shawn came to Taylor's vehicle when the purchase was made.
Although the crime lab reports were not submitted into evidence during the testimony of either May or Taylor, the reports were certified, and they indicate that the material submitted to the lab after each transaction was marijuana.
Based on this evidence, the jury found the defendant guilty of two counts of distribution of marijuana. These convictions concerned the transactions which occurred on March 27 and April 3. The defendant now appeals, urging insufficient evidence.

SUFFICIENCY OF THE EVIDENCE
On appeal, the defendant urges that the trial court erred as the evidence presented did not support the verdict rendered therein in light of the standards set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
*518 The record does not indicate that a motion for post verdict judgment of acquittal was filed. However, this court will review a sufficiency of the evidence issue even when the issue is raised solely by an assignment of error. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
The relevant inquiry when reviewing a conviction for the sufficiency of the evidence is whether, upon viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). That standard, initially enumerated in Jackson, and now legislatively embodied in La.C.Cr.P. art. 821, is applicable in cases involving both direct and circumstantial evidence. State v. Cotton, 25,940 (La.App.2d Cir.3/30/94), 634 So.2d 937. For circumstantial evidence to sustain a conviction, upon assuming every fact to be proved that the evidence tends to prove, the evidence must exclude every reasonable hypothesis of innocence. Id. Ultimately, all evidence, both direct and circumstantial, must be sufficient under Jackson to satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id.
Under Jackson v. Virginia, supra, the state bears the burden of negating any reasonable probability of misidentification in cases where the defendant asserts he was not the perpetrator or he remains silent. State v. Powell, 27,959 (La.App.2d Cir.6/26/96), 677 So.2d 1008, writ denied, 96-1807 (La.2/21/97), 688 So.2d 520. In the absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Ford, 28,724 (La.App.2d Cir.10/30/96), 682 So.2d 847. The appellate court will not assess the credibility of witnesses or reweigh the evidence to overturn a fact finder's determination of guilt. State v. Cotton, supra.
The crime of distribution is the knowing or intentional distribution of a controlled dangerous substance. State v. Miller, 587 So.2d 125 (La.App. 2d Cir.1991). Distribution is defined as "delivery" or "physical transfer." Id. In addition to delivery, the state must prove the defendant must have known or had guilty knowledge of the controlled dangerous substance when he or she transferred it. Id. The exact identity of the controlled dangerous substance is an essential element of the crime of distribution thereof. Id.
The state proved beyond a reasonable doubt that the defendant was guilty of distributing marijuana on March 27, 1996 and on April 3, 1996. Taylor testified that on March 27, the defendant handed the marijuana to him in exchange for money. Taylor said that on April 3, Shawn Scott handed him the marijuana. While the defendant did not hand the drugs to the officer, the defendant told Taylor to go to the location, and the defendant was on the scene when the transaction occurred. The circumstances surrounding the sales indicate that the defendant knew he was distributing a controlled dangerous substance.
While the sufficiency of the evidence is questioned here, the defense counsel does not argue that the prosecution failed to show that the substances identified by the police officers were marijuana. The minutes indicate that Susan Rutledge, a crime lab analyst, testified and that the crime lab reports were submitted into evidence. As the crime lab reports show the substances submitted to the lab to be marijuana, the evidence was sufficient to support the verdicts. Thus, the state proved that the substances the defendant sold were controlled dangerous substances.
For these reasons, we find that the trial court did not abuse its discretion. The evidence presented supports the verdict rendered. This assignment of error is without merit.
At sentencing, the trial court informed the defendant, Scott, that he has the right to seek post-conviction relief within three years. However, it does not appear the defendant was informed of when the prescriptive period begins to run. The prescriptive period for post conviction relief is not *519 three years from the date of sentence. The three-year prescriptive period does not begin to run until the judgment is final under La.C.Cr. P. art. 914 or 922; thus, prescription has not yet begun to run. La.C.Cr.P. art. 930.8(A). State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Harvey, 26,613 (La.App.2d Cir.1/25/95), 649 So.2d 783. Because the trial court did not inform the defendant that the prescriptive period begins to run from the date the conviction and sentence become final, the trial court inadequately complied with La.C.Cr.P. art. 930.8. State v. Lofton, 26,732 (La.App.2d Cir.1/25/95), 649 So.2d 148.
Therefore, we direct the district court to send appropriate written notice to the defendant within 10 days of the rendition of this opinion and to file proof of defendant's receipt of such notice in the record of the proceedings. State v. Mock, supra; State v. Smith, 600 So.2d 745 (La.App. 2d Cir.1992). This defect has no bearing on the sentence and is not grounds to reverse the sentence or remand the case. State v. Mock, 602 So.2d 776 (La.App. 2d Cir.1992); State v. Cox, 604 So.2d 189 (La.App. 2d Cir.1992); La.C.Cr.P. arts. 921, 930.8(C).

DECREE
For the above assigned reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.