DREW, J.
11 Clayton J. Robinson was convicted of distribution of cocaine, a Schedule II controlled dangerous substance (“CDS”), and conspiracy to commit a CDS offense. He was sentenced to 25 years at hard labor *1067 for distribution and 10 years at hard labor for conspiracy, with the sentences to run concurrently. He appeals. We affirm.
FACTS
The defendant was charged by bill of information with one count of distribution of a Schedule II CDS (cocaine) and one count of conspiracy to commit a CDS offense. The offenses took place in DeSoto Parish on February 2, 2007.
At the jury trial, three witnesses testified for the state: Randall Robillard, Michael Jerome Pitts, and Sergeant Keith Banta.
Robillard, a forensic chemist at the North Louisiana Criminalistics Laboratory, testified as an expert that the substance submitted to him in this case by the DeSoto Parish Sheriffs Department amounted to 1.9 grams of crack cocaine. The state and the defendant stipulated to the chain of custody.
Pitts, who was serving time in Texas on a burglary charge, testified to working with the DeSoto Parish Sheriffs Office in February 2007 to purchase drugs for compensation of $140 per day. Pitts testified that he bought a rock of crack cocaine from Robinson in DeSoto Parish, put the rock in a small Ziploc bag, and turned it over to Sgt. Banta of the Sheriffs Office; Pitts identified Robinson in the courtroom. According to Pitts, he was promised nothing and was receiving no benefit for his testimony. On | ^cross-examination, Pitts indicated that he had worked with Banta on probably 70 or 80 cases in the past.
Sgt. Banta was the state’s last witness. He testified that in February 2007, he was working as a narcotics officer and he approached Pitts, with whom he had worked before, about buying drugs for him. Ban-ta indicated that Pitts entered into an agreement to work in an undercover capacity for $140 per day to buy street-level narcotics.
On this occasion, Pitts was to work in the Logansport area, from which numerous complaints and calls had been received. Sgt. Banta gave the informant $100 to purchase drugs and searched him and his vehicle before the buy, to ensure there was no other contraband available to his snitch. Pitts’ vehicle also was wired with both audio and video recording devices for safety and evidence-gathering purposes.
Sgt. Banta further testified that:
• a video showed Robinson approach the driver’s side window and enter into some type of transaction;
• he did not need help identifying Robinson in the video;
• Robinson was seated and identified in the courtroom;
• after the transaction Pitts returned to him with an evidence bag containing one large rock of crack cocaine;
• through training and experience he could look at it and tell it was crack, but in order to make a definitive conclusion, he conducted a field test before sending it to the crime lab;
• the field test was positive for the presence of cocaine; and
• the DVD entered into evidence had recorded the entire transaction, which was then shown to the jury.
|sAt the end of Sgt. Banta’s testimony, the state and the defense rested. The jury entered a verdict of guilty on both charges.
At the sentencing hearing, the only witness was the Reverend Roderick Kirken-doll, who testified that he had been visiting with Robinson for about a year, and that Robinson was “a wonderful young man” who had a wonderful family. Rev. Kirken-doll claimed to have observed a change in *1068 Robinson in wanting to be a better citizen. The pastor asked the court to show leniency to Robinson.
The trial court noted that:
• Robinson had sold $60 worth of crack cocaine;
• the jury had convicted him on both counts;
• he had a troubling criminal history, being “at least a fourth felony offender, depending on whether you count these convictions in the instant case as one;”
• he had two prior convictions for possession of a Schedule II CDS and one prior conviction for possession of a Schedule II CDS with intent to distribute;
• a habitual offender bill had been filed, but without adjudication at that point;
• the PSI as well as Rev. Kirkendoll’s testimony showed Robinson had a caring family, but the record also reflected Robinson had continued to engage in criminal behavior for many years; and
• the sentence (recited above) would be appropriate.
DISCUSSION

Sufficiency

The defense argues the video presented at trial does not show any transaction involving hand-to-hand illicit drug sales and no specific transaction was ever observed by law enforcement conducting the |4surveillance. Thus, the defense argues that the record contains insufficient evidence to sustain the conviction. The defense also argues that Pitts gave testimony solely to have “his offenses with the state of Louisiana dismissed.”
The state argues that Sgt. Banta identified Robinson on the video and that Pitts also identified Robinson. The state also argues that the defense never produced any evidence indicating that Pitts’ testimony was based upon any immunity.
Our law on review of a conviction for sufficiency of the evidence is well settled.[1]
*1069 |BIn this case, the evidence is easily sufficient to support the convictions. The jury had the testimony of Pitts as to buying the cocaine from Robinson, a video of the transaction, and the testimony of Sgt. Ban-ta, both identifying Robinson on the video and relating the pre- and post-buy evidence, including Pitts’ returning with the rock of crack cocaine. Additionally, the state presented the testimony of Robillard, from the crime lab, showing the substance was cocaine. Thus, there was plenty of evidence of the transaction even if one could not actually see the passing of the cocaine from Robinson to Pitts. Furthermore, the state is correct in arguing that the defense failed to show that Pitts’ testimony was based upon any immunity. This assignment of error is therefore without merit.

Recusal and Failure to Request Recusal

These two assignments overlap and are addressed together. The defense argues that the presiding judge had been a former prosecutor with the DeSoto Parish District Attorney’s Office and had prosecuted Robinson for unrelated crimes. For this reason, the defense argues not only that the trial judge committed error in failing to reallot the case to another judge, but also that defense counsel rendered ineffective assistance of counsel by failing to file a motion to recuse based on possible bias.
The state argues that the judge is presumed to be impartial and that La. C. Cr. P. art. 671 does not require recusal merely on the basis of a general allegation that he may be biased because he may have previously prosecuted the appellant. The state points out that Robinson’s counsel produced no ^evidence to support allegations that the trial judge was biased or prejudiced and that a review of the trial record gives no hint of bias by the trial judge.
Our law on recusals is well settled.[2]
*1070 There is nothing in this record reflecting that the trial judge had prosecuted Robinson in the past, and, in any event, the record does not indicate that the trial court was biased in any way. Furthermore, as was true in State v. Mills, 505 So.2d 933 (La.App. 2d Cir.1987), writ denied, 508 So.2d 65 (La.1987), all issues of fact pertaining to guilt or innocence were tried by a jury and not the trial judge. Accordingly, these assignments of error lack merit.
| rjExcessiveness
The defense argues that the trial court did not state for the record the considerations taken into account and the factual basis underpinning the imposition of these sentences, as required La. C. Cr. P. art. 894.1. Furthermore, the defense argues that Robinson was sentenced according to a PSI which was inaccurate in that it indicated Robinson was 46 years old when he was 36 years old.
Although Robinson was found guilty of distribution and the rock of crack at issue weighed 1.9 grams, the defense states that the 25-year sentence was excessive “for allegedly possessing less than a gram of cocaine” and notes that Robinson comes from a good family and “has garnered the support of many citizens in the community.” The defense cites State v. Miller, 587 So.2d 125 (La.App. 2d Cir.1991), in which this court vacated a 10-year sentence where the defendant sold a small amount of crack cocaine for $60.
The state argues that the only issue raised regarding the PSI being inaccurate is the appellant’s date of birth and that no objection was raised regarding the accuracy of the PSI as to criminal history which shows that the defendant technically is a fifth felony offender of crimes involving drug distribution. The state distinguishes Miller, supra, on the basis that Miller was a first-time offender, whereas Robinson is a fifth felony offender.
Our law on review of sentences for excessiveness is well settled.[3]
*1071 lsThe trial court knew the correct age of Robinson before sentencing. It considered the information in the PSI, including Robinson’s significant criminal history, noting that Robinson had a caring family. Thus, the record shows that the trial court adequately articulated the factual basis for the |flsentences imposed, and the record reflects an adequate factual basis in any event. Furthermore, considering the fact that this defendant is effectively a fifth felony offender, with repeated convictions involving Schedule II drugs, this case is easily distinguishable from Miller, supra, which involved a first felony offender. The sentences imposed upon Robinson cannot be said to be grossly out of proportion to the seriousness of the offenses here. The sentences represent a just disposition of this lifetime criminal. The sentences are not merely a purposeless and needless infliction of pain and suffering. Accordingly, this assignment is without merit.
DECREE
The defendant’s convictions and sentences are AFFIRMED.

. The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Tate, 01-1658 (La.5/20/03), 851 So.2d 921, cert. denied, 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004); State v. Carter, 42,894 (La.App. 2d Cir.1/9/08), 974 So.2d 181, writ denied, 08-0499 (La.11/14/08), 996 So.2d 1086. This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder. State v. Pigford, 05-0477 (La.2/22/06), 922 So.2d 517; State v. Dotie, 43,819 (La.App. 2d Cir. 1/14/09), 1 So.3d 833. The appellate court does not assess the credibility of witnesses or reweigh evidence. State v. Smith, 94-3116 (La.10/16/95), 661 So.2d 442. A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Eason, 43,788 (La.App. 2d Cir.2/25/09), 3 So.3d 685; State v. Hill, 42,025 (La.App. 2d Cir.5/9/07), 956 So.2d 758, writ denied, 07-1209 (La.12/14/07), 970 So.2d 529.
In the absence of internal contradiction or irreconcilable conflict with physical evidence, one witness's testimony, if believed by the trier of fact, is sufficient support for a requisite factual conclusion. State v. Gullette, 43,032 (La.App. 2d Cir.2/13/08), 975 So.2d 753; State v. Burd, 40,480 (La.App. 2d Cir. 1/27/06), 921 So.2d 219, writ denied, 06-1083 (La.11/9/06), 941 So.2d 35. This is equally applicable to the testimony of undercover drug agents. State v. Anderson, 30,306 (La.App. 2d Cir. 1/21/98), 706 So.2d 598.
The trier of fact is charged to make a credibility determination and may, within the bounds of rationality, accept or reject the *1069 testimony of any witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law. State v. Casey, 99-0023 (La.1/26/00), 775 So.2d 1022, cert. denied, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000).

. A trial judge is presumed to be impartial. The burden is on the defendant to prove otherwise. The grounds for recusal based on bias "must be of a substantial nature.” State v. Branch, 30,733, p. 13 (La.App. 2d Cir.7/6/98), 714 So.2d 1277, 1285-6, writ denied, 98-2359 (La.1/8/99), 734 So.2d 1227. One seeking to recuse a judge must allege or provide a factual basis for his allegation of bias or prejudice and may not simply make conclusory allegations. State v. Jackson, 30,473 (La.App. 2d Cir.5/13/98), 714 So.2d 87, writ denied, 98-1778 (La.11/6/98), 727 So.2d 444. La. C. Cr. P. art. 671 does not require the recusal of a trial judge simply on the basis that the judge knew the victim or the victim’s family. State v. Gatti, 39,833 (La.App. 2d Cir. 10/13/05), 914 So.2d 74, writ denied, OS-2394 (La.4/17/06), 926 So.2d 511, citing State v. Page, 02-689 (La.App. 5th Cir.1/28/03), 837 So.2d 165, writ denied, 03-0951 (La.11/7/03), 857 So.2d 517.
In State v. Mills, 505 So.2d 933 (La.App. 2d Cir. 1987), writ denied, 508 So.2d 65 (La.1987), this court rejected the defendant’s contention that the trial court erred in denying the motion to recuse the trial judge, Honorable Douglas H. Allen, on the ground he was an assistant district attorney and previously prosecuted the defendant on an aggravated rape charge in 1980. This court noted that a trial judge is presumed to be impartial and that for an accused to be entitled to the recu-sation on the grounds of bias, prejudice and personal interest, such bias, prejudice and personal interest must be of a substantial nature based on more than mere conclusionary allegations. This court also noted that nothing in the record supported the conclusion that the judge was biased or prejudiced and that all issues of fact pertaining to guilt or innocence were tried by a jury and not the trial judge.
This court's decision in Mills, supra, was cited with approval by the Louisiana Supreme *1070 Court in State v. Connolly, 06-0540, p. 5 (La.6/2/06), 930 So.2d 951, 954, in which the court stated that it had not required a trial judge to recuse himself from a case "on grounds that he had previously prosecuted the defendant in a prior, unrelated case, and therefore might harbor some bias or prejudice against the defendant for that reason alone.”

. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Lathan, 41,855 (La.App. 2d Cir.2/28/07), 953 So.2d 890, writ denied, 07-0805 (La.3/28/08), 978 So.2d 297. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Landos, 419 So.2d 475 (La.1982); State v. Swayzer, 43,350 (La.App. 2d Cir.8/13/08), 989 So.2d 267. The important elements which should be considered are the defendant's personal histoiy (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Ates, 43,327 (La.App. 2d Cir.8/13/08), 989 So.2d 259, writ denied, 08-2341 (La.5/15/09), 8 So.3d 581. There is no requirement that specific matters be given any particular weight at sentencing. State v. Shumaker, 41,547 (La.App. 2d Cir.12/13/06), 945 So.2d 277, writ denied, 07-0144 (La.9/28/07), 964 So.2d 351.
Second, a sentence violates La. Const, art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. Stale v. Smith, 01-2574 (La.1/14/03), 839 So.2d 1; State v. Dorthey, *1071 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Weaver, 01-0467 (La. 1/15/02), 805 So.2d 166; State v. Lobato, 603 So.2d 739 (La.1992); State v. Robinson, 40,983 (La.App. 2d Cir.1/24/07), 948 So.2d 379; State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant’s prior convictions but may properly review all prior criminal activity. State v. Pamilton, 43,112 (La.App. 2d Cir.3/19/08), 979 So.2d 648, writ denied, 08-1381 (La.2/13/09), 999 So.2d 1145; State v. Boyte, 42,763 (La.App. 2d Cir.12/19/07), 973 So.2d 900, writ denied, 08-0175 (La.6/20/08), 983 So.2d 1272. The sources of information relied upon by the sentencing court may include evidence usually excluded from the courtroom at the trial of guilt or innocence, e.g., hearsay and arrests, as well as conviction records. State v. Myles, 94-0217 (La.6/3/94), 638 So.2d 218. These matters may be considered even in the absence of proof the defendant committed the other offenses. State v. Doyle, 43,438 (La.App. 2d Cir.8/13/08), 989 So.2d 864.
The trial judge is given wide discretion in the imposition of sentences within the statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7; State v. Thompson, 02-0333 (La.4/9/03), 842 So.2d 330; State v. Hardy, 39,233 (La.App.2d Cir.1/26/05), 892 So.2d 710. A trial judge is in the best position to consider the aggravating and mitigating circumstances of a particular case, and, therefore, is given broad discretion in sentencing. State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). On review, an appellate court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. Id.