# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

## 11-1135

STATE OF LOUISIANA

VERSUS

DONNA FAYE CHAISSON

\*\*\*\*\*\*\*\*\*\*
**APPEAL FROM THE**
**THIRTY-FIRST JUDICIAL DISTRICT COURT**
**PARISH OF JEFFERSON DAVIS, DOCKET NO. 304-10**
**HONORABLE C. STEVE GUNNELL, DISTRICT JUDGE**
\*\*\*\*\*\*\*\*\*\*

**SYLVIA R. COOKS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Chief Judge Ulysses Gene Thibodeaux, Judges Sylvia R. Cooks and Elizabeth A. Pickett

**CONVICTION REVERSED; SENTENCE VACATED**

Annette Roach
Louisiana Appellate Project
P.O. Box 1747
Lake Charles, LA  70602-1747
(337) 436-2900
**ATTORNEY FOR DEFENDANT/APPELLANT**
   Donna Faye Chaisson

Bennett R. Lapoint
Assistant District Attorney
Jefferson Davis Parish
P.O. Box 1388
Jennings, LA  70546
(337) 824-3311
**ATTORNEY FOR STATE OF LOUISIANA/APPELLEE**

**Cooks, J.**

## FACTS AND PROCEDURAL HISTORY

Defendant, Donna Faye Chaisson, (Chaisson) sold nine pills allegedly containing hydrocodone to a police officer, Arthur Phillips (Phillips). She was subsequently charged by a bill of information with distribution of hydrocodone, a controlled dangerous substance classified in La.R.S. 40:964(D) as a Schedule III drug, in violation of La.R.S. 40:968. Chaisson entered a plea of not guilty.

Trial by jury commenced on November 15, 2010. At the close of the State's case, defense counsel made a motion for judgment of acquittal and motion for directed verdict on the basis that the State had not presented any evidence that Chaisson committed a violation of La.R.S. 40:968. In lieu of the motions for judgment of acquittal and for directed verdict, defense counsel subsequently asked for a mistrial. In response, the State moved to amend the bill of information to charge Chaisson with distribution of hydrocodone, a controlled dangerous substance classified in La.R.S. 40:964 as a Schedule II drug, in violation of La.R.S. 40:967. The trial court amended the bill of information, denied the motions for judgment of acquittal and for directed verdict, and denied the motion for mistrial. Chaisson was found guilty of distribution of hydrocodone. The jury verdict sheet did not specify whether Chaisson was found guilty of distribution of a Schedule II or Schedule III drug. It necessarily follows since the trial judge allowed the State to amend the bill of information and instructed the jury on the elements of distribution of a Schedule II drug, the jury's verdict was based on that offense.

Chaisson was sentenced to serve five years at hard labor. All but two years of the sentence were suspended, and she was placed on supervised probation for three years upon her release from incarceration. Chaisson's motion to reconsider

sentence was denied. Chaisson appeals her conviction and sentence asserting nine assignments of error:

(1) the evidence was insufficient to prove beyond a reasonable doubt that the substance at issue was hydrocodone, as defined in Schedule II of La.R.S. 40:964;

(2) the verdict should be vacated because Defendant was entrapped;

(3) the trial court erred in several evidentiary rulings;

(4) the State committed prosecutorial misconduct;

(5) the trial court erred in denying the request for an instanter subpoena to District Attorney Cassidy and in prohibiting the admission of a letter written by him into evidence;

(6) the trial court erred in permitting the introduction of other crimes evidence;

(7) the trial court erred in admitting into evidence State Exhibit 5, in violation of the right to confrontation;

(8) the trial court erred in permitting the prosecution to amend the bill of information after the prosecution had rested and then denying the defense's motion for mistrial; and

(9) the trial court erred in denying the two requested motions for mistrial.

**ERRORS PATENT**

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there is one error patent concerning the payment plan imposed by the court. However, this

2

error is rendered moot by our finding that Chaisson's conviction must be reversed and her sentence must be vacated.

## LAW AND DISCUSSION

In her first assignment of error, Chaisson contends the evidence introduced at trial was insufficient to prove beyond a reasonable doubt that the substance given to police was hydrocodone, as defined in Schedule II of La.R.S. 40:964 and in violation of La.R.S. 40:967.

> When a sufficiency of the evidence claim is raised on appeal, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Macon*, 06-481 (La.6/1/07), 957 So.2d 1280 (citing *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560).

*State v. Jasper*, 11-488, p. 4 (La.App. 3 Cir. 11/2/11), 75 So.3d 984, 987.

Louisiana Revised Statutes 40:964 sets forth the composition of schedules for controlled dangerous substances in pertinent part, as follows:

### SCHEDULE II

> **A. Substances of vegetable origin or chemical synthesis.** Unless specifically excepted or unless listed in another schedule, any of the following substances whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:
>
> (1) Opium and opiate, and any salt, compound, isomer, derivative, or preparation of opium or opiate, excluding apomorphine, thebaine-derived butorphanol, dextrorphan, nalbuphine, nalmefene, naloxone, and naltrexone, and their respective salts, but including the following:
>
> . . . .
>
> (l) Hydrocodone
>
> . . . .

3

**SCHEDULE III**

. . . .

**D. Limited narcotic drugs.** Unless specifically excepted or unless listed in another schedule:

(1) Any material, compound, mixture, or preparation containing limited quantities of any of the following narcotic drugs, or any salts thereof:

. . . .

(c) Not more than 300 milligrams of hydrocodone per 100 milliliters or not more than 15 milligrams per dosage unit, with a fourfold or greater quantity of an isoquinoline alkaloid of opium.

(d) Not more than 300 milligrams of hydrocodone per 100 milliliters or not more than 15 milligrams per dosage unit, with one or more active, nonnarcotic ingredients in recognized therapeutic amounts such as acetaminophen or ibuprofen.

Chaisson was originally charged by bill of information with distribution of Schedule III hydrocodone, a violation of La. R.S. 40:968. The jury was informed of the elements of that offense and the sentencing range for that offense at the outset of the trial. The State proceeded with its case on that charge. At the close of the State's case, the judge allowed the State to amend the bill of information changing the charge to distribution of hydrocodone, Schedule II, a violation of La.R.S. 40:967.

During trial, the State called Margaret Steele (Steele), a forensic chemist with the Southwest Crime Lab, as an expert witness. Steele was accepted as an expert in the field of forensic analysis. She testified that she was not the person who tested the pills at issue but was the supervisor who signs-off on that person's work. Defense counsel moved to strike her testimony as hearsay. The objection was overruled, and the State was permitted to file the lab report, State's Exhibit No. 5, into evidence. Steele then read the report as follows: "Evidence

4

Submission No. 1 contains hydrocodone and nonnarcotic.  It's a Schedule 3.  There were nine (9) tablets.  The nine (9) tablets is or are inscribed 'Watson 503.'"

After the State rested its case, defense counsel moved for a judgment of acquittal.  The following exchange resulted:

> MR. OUSTALET:  According to the bill of information, the State of Louisiana charges the defendant, Donna Faye Chaisson, with distributing a controlled dangerous substance classified in Schedule 3, to wit:  hydrocodone, in violation of Louisiana Revised Statute 40:968.  Your Honor, according to the Louisiana Revised [S]tatute 40:964, which is a schedule of all of the controlled dangerous substances, hydrocodone is listed as a Schedule 2 narcotic, and the State has not presented any evidence that the defendant has, in fact, violated any of the conditions of Louisiana Revised Statute 40:968 with respect to a Schedule 3 narcotic.
>
> . . . .
>
> MR. LAPOINT:  Your Honor, if that is in fact true, I think the law allows the Court to amend the bill when the evidence suggests otherwise.  The time to raise an objection to the form of a bill of information is a motion to quash prior to trial.  It's – it's -- the -- the -- I think the case law is to the effect that if there is a defect in the bill of the nature that does not conform with the evidence the Court is allowed to amend that --
>
> . . . .
>
> MR. LAPOINT:  - - in conformity with the evidence.

Defense counsel further alleged the State had not presented evidence that the Defendant had "broken the law in violation of the bill of information with which she's charged."  The State argued there was a mistake as to the correct schedule and statute, but that mistake did not entitle the Defendant to an acquittal.  Defense counsel next moved for a directed verdict.  The trial court took the matter under advisement.

Defense counsel subsequently made a motion for mistrial in lieu of the motions for judgment of acquittal and directed verdict.  In response, the State maintained the following:

5

> [N]ow that we know there's a defect in -- as to the form of the bill we'd move to amend to reflect the proper statute and the proper schedule drug, and the Court may under 487 deal with that defect as to a defect in form, and it's the State's position that this is a defect in form, and we would so move to amend it to reflect the proper -- proper schedule, which is Schedule 2, and the proper statute would be 40:967A as opposed to 40:968.

The trial court took the motion for mistrial under advisement. The following day, the trial court denied the motion for mistrial, amended the bill of information, and informed the jury of the penalty for a violation involving Schedule II hydrocodone. The trial proceeded.

As part of its instructions to the jury, the trial court stated the Defendant was charged with "distribution of hydrocodone, 40:967." The clerk then read the bill of information to the jury as follows:

> Donna Faye Chaisson, in the Parish of Jefferson Davis, on or about August 14th, 2009, committed the offense of distribution of hydrocodone, in that Donna Faye Chaisson did knowingly or intentionally distribute a controlled dangerous substance classified in **Schedule II**, to wit: hydrocodone, without having the legal authority to possess, a felony in violation of LSA Revised Statute **40:967**, contrary to the law of the State of Louisiana, in contempt of the authority of said State, and against the peace and dignity of the same.

(Emphasis added).

The jury found the Defendant guilty as charged.

Chaisson contends that when the jury rendered its verdict, the charge pending against her was distribution of Schedule II hydrocodone. She further contends that, in light of Steele's testimony and the lab report, the State failed to prove she distributed Schedule II hydrocodone. We agree. Steele was neither questioned about the difference between the two schedules at issue nor the milligrams of hydrocodone contained in the pills tested. Her testimony did not establish that the pills examined at her lab contained the requisite amount of

6

hydrocodone. Moreover, as she testified, the report recites that the items tested were "Schedule 3" hydrocodone.

The State places much emphasis on the fact that Detective "Lucky" Delouche testified the pills were called "teners" because they contained ten milligrams. This testimony from a witness who was not qualified as an expert is wholly insufficient to carry the State's burden to prove that the pills sold to Phillips in fact contained hydrocodone, and if so, in what amount. That testimony also failed to establish whether the pills sold to Phillips contained any other substance in addition to hydrocodone.

The State also asserted in brief, and in oral argument to this court, that Chaisson's admission that she sold hydrocodone to Phillips meets the State's burden. It does not. Chaisson was not qualified as an expert on drugs and had no idea what the pills she sold Phillips contained. It is of no moment, and wholly insufficient to meet the State's burden of proof, that Chaisson thought the pills contained hydrocodone. In reality, she had no way to know what the pills contained. The State cannot meet its burden to prove that the pills sold to Officer Phillips contained the requisite amount of hydrocodone based on Chaisson's supposition. At any rate, as Chaisson points out, ten milligrams is less than the fifteen milligram cap for Schedule III hydrocodone. Thus, even if the pills sold to Officer Phillips each contain ten milligrams of hydrocodone, that amount is less than fifteen milligrams of hydrocodone, which is required to prove Chaisson distributed Schedule II hydrocodone.

The State maintains the original bill of information was correct when listing the hydrocodone at issue as a Schedule III substance in violation of La.R.S. 40:968. The State concedes the bill of information should not have been amended,

and it was error to do so. The State asserts this error can be corrected at any time, including by this court on appeal, pursuant to La.Code Crim.P. art. 487, which states, in pertinent part:

> A. An indictment that charges an offense in accordance with the provisions of this Title shall not be invalid or insufficient because of any defect or imperfection in, or omission of, any matter of form only, or because of any miswriting, misspelling, or improper English, or because of the use of any sign, symbol, figure, or abbreviation, or because any similar defect, imperfection, omission, or uncertainty exists therein. The court may at any time cause the indictment to be amended in respect to any such formal defect, imperfection, omission, or uncertainty.

> Before the trial begins the court may order an indictment amended with respect to a defect of substance. After the trial begins a mistrial shall be ordered on the ground of a defect of substance.

We know of no authority that would permit this court to amend a bill of information after the close of trial and after the verdict has been rendered by making a substantive change in the charging indictment. Such a suggestion offends all notions of due process and a fair trial and is repugnant to both the Louisiana and United States Constitutions. See U.S. Const. Amends. 5 and 6, and La. Const. Art. I, §16.

In *State v. James*, 517 So.2d 291 (La.App. 1 Cir. 1987), the defendant was charged with distribution of cocaine, a Schedule II controlled dangerous substance. The bill of information was orally amended to charge the defendant with distribution of a controlled dangerous substance, in violation of La.R.S. 40:967(A). The first circuit noted the statute disclosed the prohibited substance was classified in Schedule II; however, the amended bill failed to designate which Schedule II controlled dangerous substance the defendant was charged with distributing. The first circuit held:

> The exact identity of the controlled dangerous substance determines what the maximum authorized sentence is under La.R.S. 40:967(B),

8

and is an essential element of the crime of distribution thereof. . . . When a defendant is charged with distribution of a controlled dangerous substance, he cannot be compelled or required to defend himself against all of the named drugs classified in the Schedules as controlled dangerous substances. The charge must list a specific drug, and the evidence must establish that this specific drug was present. To allow otherwise would violate defendant's constitutional right to be informed of the nature and cause of the charges against him. La. Const. of 1974, Art. I, § 13.

*Id*. at 293.

In *State v. Miller*, 587 So.2d 125, 127 (La.App. 2 Cir. 1991), the second circuit also stated that the exact identity of the controlled dangerous substance was an essential element of the crime of distribution thereof. *See also State v. Perkins*, 07-423, (La.App. 3 Cir. 10/31/07), 968 So.2d 1178, *writ denied*, 07-2408 (La. 5/9/08), 980 So.2d 688.

Hydrocodone is found in both Schedule II and Schedule III as defined in La.R.S. 40:964. Schedule II lists hydrocodone, and Schedule III lists hydrocodone when found in certain amounts and/or mixed with other nonnarcotic ingredients. The penalties for Schedule II and Schedule III violations involving hydrocodone differ greatly.

Louisiana Revised Statutes 40:967(B) provides the penalty for a Schedule II violation as follows:

Except as provided in Subsection F, any person who violates Subsection A with respect to:

(1) A substance classified in Schedule II which is an amphetamine or methamphetamine or which is a narcotic drug, except cocaine or cocaine base or a mixture or substance containing cocaine or its analogues as provided in Schedule II(A)(4) of R.S. 40:964 and except oxycodone as provided in Schedule II(A)(1)(o) of R.S. 40:964 and except methadone as provided in Schedule II(B)(11) of R.S. 40:964 shall be sentenced to a term of imprisonment at hard labor for not less than two years nor more than thirty years; and may, in addition, be sentenced to pay a fine of not more than fifty thousand dollars.

Louisiana Revised Statutes 40:961, in pertinent part, defines the term narcotic drug as follows:

> (26) "Narcotic drug" means any of the following, whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

> (a) Opium, coca leaves, and opiates.

> (b) A compound, manufacture, salt, derivatives, or preparation of opium, coca leaves, or opiates.

Hydrocodone is listed in Schedule II under the subsection dealing with "[o]pium and opiate, and any salt, compound, isomer, derivative, or preparation of opium or opiate."

Louisiana Revised Statutes 40:968(B) provides the penalty for a Schedule III violation as follows:

> Any person who violates Subsection A with respect to any controlled dangerous substance classified in Schedule III shall be sentenced to a term of imprisonment at hard labor for not more than ten years; and, in addition, may be sentenced to pay a fine of not more than fifteen thousand dollars.

The legislature saw fit to include some forms of hydrocodone in Schedule II and others in Schedule III and for the penalties involving each to differ. The exact identity of the controlled dangerous substance at issue determines the maximum authorized sentence, and is an essential element of the crime of distribution of hydrocodone. *See James*, 517 So.2d at 291. Consequently, the State was required to prove which Schedule the pills at issue herein fell within. We cannot simply "fix" the State's failure to meet its burden of proof by "amending" the bill of information to make the evidence fit a crime.

The State argues, in the alternative, that the jury verdict could be considered a responsive verdict. The State cites no legal authority for such a suggestion, and

we find that distribution of Schedule III hydrocodone is not a responsive verdict to distribution of Schedule II hydrocodone. The Louisiana Code of Criminal Procedure, Article 814(48), provides the responsive verdicts for distribution of a controlled dangerous substance as follows:

Guilty.

Guilty of attempted production, manufacture, distribution or dispensation of controlled dangerous substances.

Guilty of possession of controlled dangerous substances.

Guilty of attempted possession of controlled dangerous substances.

Not guilty.

In *State v. Samuel*, 08-100 (La.App. 3 Cir. 5/28/08), 984 So.2d 256, *writ denied*, 08-1419 (La. 2/20/09), 1 So.3d 493, *and writ denied*, 08-1487 (La. 2/20/09), 1 So.3d 495, the defendant alleged the trial court erred when it instructed the jury that a responsive verdict for possession with intent to distribute a Schedule V controlled dangerous substance was guilty of attempted possession of a Schedule III controlled dangerous substance. This court noted that a review of the jurisprudence associated with responsive verdicts, as outlined in La.Code Crim.P. art. 814, confirmed the defendant's allegation that attempted possession of a Schedule III controlled dangerous substance was not a responsive verdict for possession with intent to distribute a Schedule V controlled dangerous substance.

Because the State failed to prove Defendant distributed Schedule II hydrocodone, we find that none of the responsive verdicts to distribution of Schedule II hydrocodone listed in La.Code Crim.P. art. 814(48) are applicable and reverse her conviction.

11

In light of our ruling on the sufficiency of evidence question, we find it unnecessary to address the remaining assignments of error.

## DECREE

For the reasons stated, we reverse the conviction and vacate the sentence of Donna Faye Chaisson and hereby order her release from custody. All costs of this appeal are assessed against the Appellee/State of Louisiana.

**CONVICTION REVERSED; SENTENCE VACATED.**